JOHN DILLARD *against* NOEL, ADM'R OF NOEL.

ERROR *to Pulaski Circuit Court.*

The jurisdiction of Justices of the Peace in matters of contract is expressly defined and limited by the Constitution, and the Legislature has no control over it.

The jurisdiction of the Circuit Court in matters of contract is not exclusive, and therefore in such matters the Legislature may vest a concurrent jurisdiction in other tribunals; but cannot divest the Circuit Courts of such jurisdiction, or restrict or prohibit its exercise, so far as depends on the sum in controversy. '

The jurisdiction of the Circuit Courts, and of Justices of the Peace, in matters of contract, is to be determined solely by the sum in controversy; and when a defendant voluntarily enters his appearance, or is found, or legally served with due process or notice, the jurisdiction is acquired without regard to the residence of either of the parties.

So much of the 4th section of chapter 116 of the Revised Statutes, as confines the bringing of suits in the Circuit Court, in cases where the defendant resides in the State, to the county where the defendant resides, or where the plaintiff resides and the defendant is found, is unconstitutional and void; and no averment in the declaration as to the residence of either party, is necessary for any purpose whatever.

Credits endorsed on a note or bond, although set out on oyer, form no part of the note or bond, and become no part of the declaration, nor can they be noticed or regarded on demurrer.

They are merely evidences of payment, of the same grade as a receipt, and may be explained or controverted by the plaintiff.

Consequently, if such endorsements show the sum in controversy to be below the jurisdiction of the Court, no advantage can be had of it on demurrer. The only way to raise the question is by plea in abatement, a finding upon which would settle the question of jurisdiction.

A plea to the jurisdiction comes too late after demurrer, and will be stricken out.

When separate pleas of payment were filed to separate counts, the court was not required to instruct the jury that they should find on each count separately; but is right in instructing them to find generally.

This was an action of debt, instituted by the defendant in error against the plaintiff in error in the Circuit Court of Pulaski county. The declaration contained three counts, upon three several writings obligatory for the sum of $187, each, of which the defendant below prayed oyer, which was granted by exhibiting the originals, and filing a true copy with a statement signed by the attorney for the plaintiff, that upon the first writing was endorsed a credit of one hundred and twenty-five dollars; and upon the last a credit of one hundred dollars. The defendant then demurred to the declaration, and specially expressed, as causes of demurrer, first, that it did not appear from the declaration, that the defendant was a non resident of this State, or

resided in the county of Pulaski, where the suit was instituted, or that the plaintiff was at that time a resident of said county, and therefore no case was shown of which the Circuit Court had jurisdiction. Second, that it appeared upon oyer that the sum in controversy upon the contract set forth in the first count in the declaration, being the balance, including interest, due upon the writing obligatory therein mentioned, did not exceed one hundred dollars, and the like defect or imperfection was specially stated as to the third count. The demurrer was overruled. The defendant then filed to the first and third counts in the declaration, separate pleas in abatement, to the jurisdiction of the court, averring that the residue unpaid on the contracts therein respectively mentioned, did not severally amount to the sum of $100; and that the sum in controversy upon said contracts, severally and respectively, was within the exclusive jurisdiction of a Justice, or Justices of the Peace; which, on motion of the plaintiff, were struck out by the court. The defendant then pleaded two pleas of payment, one to the first, and the other to the third count of the declaration, to which the plaintiff replied and the defendant joined issue, and judgment by *nil dicit* was entered upon the second count, and a jury empannelled and sworn, who returned the following verdict, "we the jury find for the plaintiff on both issues, and say that said defendant owes as in said first and third counts alleged, to said plaintiff as administrator as aforesaid, a balance of debt to the amount of one hundred and eighty-two dollars and sixty-six cents, and assess his damages for the detention thereof at fifty-one dollars and nineteen cents," upon which judgment was entered in favor of the plaintiff, for the whole amount of debt, due upon the several obligations mentioned in the declaration, as well as for damages and costs.

Upon the trial before the jury the defendant moved the court to instruct the jury, that under the issues joined in the case they should find for the plaintiff or defendant, as the case might be, upon each issue separately, which motion the court overruled, and refused so to instruct the jury, and instructed the jury that under the issues joined in this case they might find for the plaintiff or defendant, as the case might be, in one finding and not separately upon each issue; to which

opinions of the court refusing to give the instructions asked, and so instructing the jury the defendant accepted.

ASHLEY & WATKINS, for plaintiff in error:

The first error set out in the assignment in this case is, that the court below overruled the plaintiff's demurrer to the declaration.

The ground of that demurrer was, that the plaintiff in the court below no where averred in his declaration, either that he was a resident of Pulaski county, or that the defendant was a resident of said county, or that he was a non-resident. Some one of these circumstances are requisite to entitle a party to sue, otherwise the court will not have jurisdiction. Assuming the principle to be correct, that all the courts in this State are statutory courts, which have no common law jurisdiction whatever, but whose jurisdiction is expressly limited and defined by statute, according to analogous decisions in the courts of the United States, an averment of residence is necessary to entitle the plaintiff to sue. If he omits this, his case is not made out, and the omission is ground of demurrer; and, when this court in the case of *Jarrett vs. Wilson*, 1 *Ark.* 137, decided that a party pleading over abandoned the ground he had taken on demurrer, so that he could not afterwards take advantage of it, on error, it properly and providently limited the rule to cases where there was a sufficient cause (or right) of action apparent on the declaration.

The second assignment of errors is, that the court below struck out the two several pleas of the plaintiff in error, to the jurisdiction of the court, as to the first and third counts in the declaration: this was after the grant of oyer of the writings obligatory, sued in the first and third counts, showing the several credits endorsed upon them. It may be contended that the writings sued on were nugatory, because the defendant below was not entitled to oyer of them, but he would have been entitled to the production of them, by petition to that effect; and the credits were granted on oyer to save the delay and trouble of that proceeding. It was apparent, then, of record, to the court, that it had not jurisdiction of the sum in controversy in the first and third counts of the declaration. But the question is not whether these pleas to the jurisdiction are sufficient in law, upon demurrer, or whether the facts stated in them would have been found to be true

Dillard *against* Noel, Adm'r of Noel.

if issue had been taken upon them; the only question is whether they are so informal and irregular as to authorize the court below in striking them out, without requiring the opposite party either to demur or reply. This question the court here must settle by inspection of the pleas themselves. Our statute does away with the necessity of an affidavit of the truth of a plea to the jurisdiction; and the arbitrary rule of English practice, that a plea to the jurisdiction must be subscribed by the party himself, in its spirit and reason has no existence in this State. There a plea to the jurisdiction was a mere personal privilege, which the party himself could alone take advantage of, as that he was only liable to be sued in some other court or jurisdiction. Such pleas were not favored by the courts of general jurisdiction, who sought to extend their own dignity and power. But in this State there are no such personal privileges, unless we esteem as such, the right of a defendant to be sued only in his own county, or in the county where the plaintiff resides, if found therein. Such pleas usually relate to the jurisdiction of the court over the subject matter of the suit; the want of which cannot be remedied by by consent—is fatal in any stage of the proceedings—and which the court, of its own mere motion, is bound to notice. If, then, there exists no reason why the pleas in this case should have been signed by the party himself, they were, in every other respect, formal and regular; and it was error in the court below to strike them out. Nor did the plaintiff in error waive his pleas to the jurisdiction when he pleaded to the action, as it might have been claimed he had done, if he had answered over after they had been adjudged ill, on demurrer, or the facts found against him.

The third assignment of errors is, that the court erred in overruling the motion of the defendant below to instruct the jury that, under the issues joined in this case, they should find for the plaintiff or defendant as the case might be, separately upon each issue; and in instructing the jury that they might find for the plaintiff or defendant, upon both issues in one finding. The state of the pleadings was that the defendant below had suffered judgment upon *nil dicit* upon the second count, and pleaded payment as to the first and third counts.

According to all authority, in the rules of pleading and practice, in

a case, where the aggregate amount in the declaration has been severed by failure to plead as to one count, where there are three separate and distinct causes of action joined together, and where there are separate issues, upon two distinct counts, the jury must find, as they were sworn to do in this case upon the issues, that is to say, upon each issue, else there is no propriety in the rules of pleading.

And, upon the whole record, it appears that the court below persisted in entertaining jurisdiction of two sums in controversy, which are not within its jurisdiction.

FOWLER, *Contra:*

Dillard's demurrer was properly overruled. The objections made to the declaration, if well founded—which is utterly denied—could only be taken advantage of by plea to the jurisdiction, or in abatement. Our Circuit Courts are not of inferior and limited jurisdiction, but are superior courts, and have general common law jurisdiction. Therefore it was wholly unnecessary to aver that the parties were residents, &c., but if defendant was not subject to be sued, or the plaintiff not competent to sue, Dillard was bound to show it by plea; which he failed to do.

The amount of each writing obligatory declared on, or the aggregate, amount fixes the jurisdiction of the court as to the amount; and jurisdiction thus acquired, cannot be taken away by proving that a part of the demand had been paid. So that this pretended objection could neither be reached by demurrer or by plea. Each count averred a sum in controversy of more than one hundred dollars.

Pleas to the jurisdiction were properly stricken out, because Dillard had waived his right to file such pleas by his two successive prayers of oyer, and his general demurrer, all and each of which admitted the jurisdiction of the court. If a defendant pleads to the jurisdiction of the court, he must do it *instanter*, on his appearance, for if he imparls he owns the jurisdiction of the court. 4 *Bac. Abr.* 28, 35, 36, *title Pleas and Pleading; Dyer* 210; *Cro. Car.* 9; *Lord Raym.* 34; 6 *Mod.* 146; I *Tidd's Pr.* 418; *Latch,* 83.

Two prayers of oyer and one demurrer, certainly make an *appearance;* at any rate, as much or more so than an imparlance, which it

simply a request for time to plead. The credits endorsed on the notes are no part of the record. They were not legitimately granted on oyer, so as to form a part of the record; and if given in evidence, they are not put on the record by bill of exceptions. Consequently, no notice can be taken of them. 1 *Tidd* 572; *Co. Lit.* 303; 1 *Tidd* 586.

Even if the pleas to the jurisdiction were not properly stricken out, as Dillard pleaded over, he waived thereby an advantage which such striking out might otherwise have given. 1 *Tidd's Pr.* 572.

The court properly refused to instruct the jury that they must find the issues separately; and with equal propriety instructed them that they might find generally. The law is, that on a declaration, consisting of several counts, or of a single count, and several issues, that the jury may find generally or separately, at their option or discretion. 2 *Tidd's Pr.* 801, *et seq.*; *Rev. St.* 635, *et seq.*

Further. Plea to jurisdiction was stricken out properly, because it was not filed within the *first four* days of the term. 1 *Tidd's Pr.* 422, 585; 1 *Str.* 523; 4 *T. R.* 520; 6 *T. R.* 369; 7 *T. R.* 447; 1 *T. R.* 227; 5 *T. R.* 210; 2 *Str.* 1192, 1268; 1 *Wils. Rep.* 23, *Long vs. Miller.*

RINGO, *Chief Justice*, delivered the opinion of the Court:

That all of the courts of this State derive the whole of their jurisdiction from the Constitution, and statutes passed in conformity with the provisions thereof, is a proposition which, in our judgment cannot be denied, for they are all created, or their creation specially provided for by the Constitution; and their respective jurisdiction is, in many respects, expressly defined and limited by the same instrument; yet, in some respects, it is subjected to the control of the Legislature, and may be, from time to time, distributed by statute, according to the will of that department, among the several judicial tribunals, not prohibited by the Constitution from taking cognizance thereof. In regard to matters of contract, the jurisdiction of the Justices of the Peace, is definitely and definitively prescribed by the Constitution, so far as it depends upon the sum in controversy, and in this respect the power of the Legislature over the subject is confined or restricted: so

Dillard *against* Noel, Adm'r of Noel.

likewise it is in regard to the jurisdiction of the Circuit Court, except that the latter is not made *exclusive*, and therefore it is competent for the Legislature to vest in other judicial tribunals, a jurisdiction concurrent with that of the Circuit Court, over all matters of contract of which it has cognizance: although it is not within the power of that department to divest the Circuit Courts of their original jurisdiction conferred upon them by the Constitution in "matters of contract where the sum in controversy is over one hundred dollars," or in any manner restrict or prohibit their exercise thereof, so far as it depends upon the sum in controversy. On this subject the language of the Constitution is that the Circuit Court shall have "original jurisdiction of all civil cases which shall not be cognizable before the Justices of the Peace, until otherwise directed by the General Assembly: and original jurisdiction in all matters of contract, where the sum in controversy is over one hundred dollars," and that Justices of the Peace, "shall have individually, or two or more of them jointly, *exclusive* original jurisdiction in all matters of contract, except in actions of covenant, when the sum in controversy is of one hundred dollars and under." This language comprehends every description of contract, and gives to the Circuit Courts or Justices of the Peace jurisdiction over them, and leaves their respective jurisdiction to be determined solely by the sum in controversy; and therefore it is that each Circuit Court is alike vested with original jurisdiction in every matter of contract where the sum in controversy exceeds one hundred dollars, and no valid law can be passed by the Legislature prohibiting its exercise; and every Justice of the Peace is in like manner vested with exclusive original jurisdiction in every matter of contract, (except in actions of covenant,) where the sum in controversy does not exceed one hundred dollars. But before such jurisdiction can be exercised, every party to the contract, whose rights in respect thereof, are to be adjudicated, must be legally before the court, or at least be legally notified of the proceeding, and have an opportunity of contesting the demand of his adversary, and vindicating his own right according to law, and therefore, unless the defendant voluntarily enters his appearance to the action, or is found and legally served with such process or notice as is required by law in such case, within the territorial juris-

Dillard *against* Noel, Adm'r of Noel.

diction of the court or Justice of the Peace, or such other place as the law authorizes such service to be made, the jurisdiction so conferred by the Constitution on the Circuit Court and Justices of the Peace cannot be exercised. But upon such appearance being entered, or such process or notice served on the defendant, the court or Justice of the Peace thereby acquires jurisdiction of the person of the defendant, and may lawfully take cognizance of and adjudicate the case, without any regard to the residence of the parties, or either of them; because the jurisdiction of the court, in such cases, depends entirely upon the sum in controversy, and neither does or can be made to depend upon the residence of the parties. And if the right of a party to sue, can be restricted by statute to the county or township where the defendant resides, or where the plaintiff resides, and the defendant may be found, it must in our opinion, upon the same principle, be also conceded, that the Legislature possesses the power of prohibiting suits from being brought in the Circuit Court of more than one county in the State—a power which, if so exercised, would effectually take from every other Circuit Court the whole of their jurisdiction in civil cases, and vest it in a single court, contrary to the express letter, as well as the obvious design of the Constitution. We are therefore of opinion that so much of the 4th section of the 116th chapter of the Revised Statutes of this State, as enacts that suits instituted either by summons or capias "shall be brought, when the defendant is a resident of this State, either in the county in which the defendant resides, or in the county in which the plaintiff resides, and the defendant may be found," so far as it restricts the right to sue upon matters of contract in any of the Circuit Courts of this State, when the sum in controversy is over one hundred dollars, is in conflict with, and repugnant to the Constitution of this State and void, and that in suits instituted in said courts on any contract, no averment as to the residence of either party is necessary to give the court jurisdiction of the case, or for any other purpose whatever.

In regard to the other defects or imperfections specially expressed in the demurrer, it is deemed sufficient to remark that each count in the declaration discloses a contract for a sum exceeding one hundred dollars, and therefore within the jurisdiction of the court; and the fact that it appears from the oyer granted that the several obligations upon

Dillard, *against* Noel, Adm'r of Noel.

which the first and third counts are founded, are respectively endorsed with a credit, sufficient to reduce the amount due thereon to a sum less than $100 does not, in our opinion, constitute an objection of which the defendant can avail himself on demurrer to the declaration, because the demurrer expressly admits the jurisdiction of the court, and the declaration in each count thereof, declares in legal form on a good cause of action against the defendant, which is apparently within its jurisdiction; and although, the obligation set out, on oyer thereof being given, enters into and forms a part of the declaration, the credits thereon endorsed do not, because they are no part of the contract upon which the suit is founded, and do not change or qualify the legal rights of the parties to it, otherwise than as a payment of so much of the debt, of which the endorsement is but evidence of the same grade as a receipt, which is not otherwise connected with the original contract, but may be explained or controverted by the plaintiff; and therefore the amount of the defendant's legal liability upon the contract, as set out in the declaration, and shown upon oyer, exclusive of interest, must, in regard to the question of jurisdiction attempted to be raised upon the demurrer, be considered as the sum in controversy; although it was competent for the defendant, if he thought proper to have done so, to have shown the facts by a special plea in abatement, to the jurisdiction of the court, before he had interposed any defence admitting the jurisdiction thereof, and thereby have raised and presented a distinct issue as to the sum really in controversy, the finding upon which would have determined the question of jurisdiction; and according to the principle established by this court in the case of *Heilman vs. Martin*, decided at the last term, this is the only means by which the want of jurisdiction can be shown, when the contract, as set out in the declaration, is within the jurisdiction of the court. We are therefore of the opinion that the declaration is sufficient, and that the demurrer thereto was rightly overruled.

The pleas to the jurisdiction of the court were not filed until after the demurrer was disposed of, which is too late, as has been repeatedly held by this court, and for this reason they were properly struck out of the case.

The third error assigned questions the opinion and judgment of the

court in refusing to instruct the jury as asked by the defendant, as well as in the instructions given. As a general rule, it is unquestionably true, that the finding of the jury must embrace all the issues joined, and be responsive thereto. But when all of the issues are, as in this case, essentially the same, and such as may be distinctly and fully responded to by a general verdict for either party, we are not aware of any principle of law which requires a separate finding as to each issue, and in such case we have not been able to discover what benefit either party could derive therefrom, and therefore, in our opinion, the court did not err in refusing to give the instruction asked, nor in the instruction given. The judgment is therefore affirmed.