## BISCOE vs. BUTTS, ADM'R, &c.

Plea of former recovery in the Probate Court, is sufficient to bar an action brought in the Circuit Court for the same cause. *Dillard vs. Noel,* 2 *Ark. Rep.* 449, cited.

Orders of allowance of claims against estates of decedents in the Probate Court, have the force and effect of judgments. The Probate Court has jurisdiction in matters relative to the estates of deceased persons, executors, administrators and guardians;

and having obtained cognizance of a cause within its constitutional jurisdiction, has an unquestionable right to settle the controversy—and its adjudication must be regarded as final, unless it could not render complete redress.

THIS was an action of assumpsit, determined in the Phillips Circuit Court, in October, 1843, before the Hon. JOHN T. JONES, one of the circuit judges. Biscoe sued Butts, as *administrator* of Anderson, by declaration with special count for $1100, for the use and occupation, by intestate, of the press, types and furniture of the Arkansas State Democrat, a *quantum meruit* count for the same use and occupation, and the common counts. The special counts alleged promises by intestate; the common counts, by the administrator. Plea, non-assumpsit; and a special plea, that the plaintiff, at the term of the probate court of Phillips, held in January, 1841, before this suit was commenced, presented to that court his claim for allowance against Anderson's estate and Butts as administrator, for the non-performance of the very same identical promises and undertakings—in which suit plaintiff recovered $60 for non-performance of the promises as to money loaned, and the residue of his claim was disallowed and rejected, which judgment is still in full force, &c.

Issue to first plea, and demurrer to second. The grounds of demurrer assigned are, that the probate court had no constitutional power to take jurisdiction of, and try and determine, the matter mentioned in the plea. Demurrer overruled, and judgment for defendant. The case came up on error.

*Preston & Ringo,* for plaintiff. The constitution gives to justices of the peace *exclusive* original jurisdiction in all matters of contract, except covenant, where the sum in controversy is $100 or under. In this class of cases, it is clear the probate court can have no jurisdiction. *Wilson vs. Mason,* 3 *Ark. Rep.* 496.

The same constitution gives the circuit courts original jurisdiction of *all* civil cases not cognizable before justices of the peace, until otherwise directed by the General Assembly, and original jurisdiction *in all matters of contract,* where the sum in controversy is over one hundred dollars. We contend that this latter clause means that, as to all such matters of contract, the jurisdiction is exclusive—else why the change of language?

*By the Court,* LACY J. The special plea of a former recovery as pleaded by the defendant, was well taken in this cause and properly sustained. The plea contains all the necessary averments, and discloses a state of facts, which prove that the matters in controversy were within the jurisdiction of the probate court, and had been there tried and determined against the plaintiff. The constitution thus defines the original jurisdiction of the circuit courts in two separate clauses in the same sentence: "It shall have original jurisdiction in all civil cases which shall not be cognizable before justices of the peace, until otherwise directed by the General Assembly; and 2d, original jurisdiction in all matters of contract where the sum in controversy exceeds one hundred dollars." In neither class, however, is the original jurisdiction exclusive, and in both the constitution contemplates the vesting by the legislature of a portion of original jurisdiction concurrently in other tribunals; and so this court has held in *Dillard vs. Noel,* 2 *Ark. Rep.* 449. Again, the constitution declares that the probate court shall have such jurisdiction in matters relative to the estates of deceased persons, executors, administrators and guardians, as may be prescribed by law: and the act organizing the probate court, expressly gives it jurisdiction in that class of cases embracing the cause under consideration, and directs that the orders of allowance of claims against the estate of decedents, shall have the force and effect of a judgment. *Rev. St.* 231, *ch.* 4, *sec.* 96. In this enactment the legislature has obeyed the injunction of the grant, and, to the extent here contended for, has rightly vested original concurrent jurisdiction in the probate court. It has not attempted to take that jurisdiction from the circuit court; if it had, the act would have been a nullity, for the original jurisdiction of the circuit court, being established and prescribed by the constitution, cannot be divested or abridged by legislative provisions. The probate court having in the first instance, obtained cognizance of the cause, it had an unquestionable right to hear and settle the controversy, and its adjudication must be regarded as final and conclusive, unless it appear that it could not render adequate and complete redress. In the present instance, nothing of that kind is attempted to be shown, and therefore the circuit court committed no error in overruling the demurrer                    Judgment affirmed.