## BEERS & CO. VS. WUERPUL & CO.

A second suit in replevin, brought by the defendant in the first jointly with his partner, against the bailees of the plaintiff in the first, held to be cross-replevin.

The defendant in a cross-replevin may plead in abatement or in bar, the pendency of the first suit; and on determination of the plea in his favor, is entitled to judgment awarding a return of the property.

*Appeal from Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

RICE for the appellants.

After the property taken in replevin has been turned over to plaintiff, a party other than the defendant may replevy the same

from him, or any one holding under him. 7 *Monroe*, 427 ; 3 *J. J. Marsh.* 124 ; 4 *B. Mon.*, 93. In this case Morris was not a party to the original suit ; and the rule is stringent that a plea in abatement must show that the other suit pending is between the same parties for the same cause of action. *Bac. Abr., vol.* 1, *p.* 28 ; 1 *Saund. Pl. & Ev.* 20 ; 2 *Summer*, 589.

When in replevin a defendant pleads in abatement of the writ, and the plea is sustained and the writ quashed, he is not entitled to a judgment *de retorno habendo.* 6 *Ark.*, 506 ; 7 *Ark.*, 25.

WHYTOCK for appellees.

The plea set up that the parties were identical either in person or interest, which is sufficient in pleading pendency of another action. *Bennett vs. Chase.* 1 *Foster*, (*N. H.*) 570 ; *Atkinson vs. State Bank,* 5 *Black.*, 84. The statute prohibits cross-replevin. *Gould's Dig., ch.* 145, *sec.* 2 ; and a plain provision of the statute cannot be evaded by substituting a partner as co-plaintiff, and the bailees of the plaintiff in the original action.

The plea in this case goes to the right of the plaintiffs to maintain their action, not for informality or variance as in the cases in 1 *Eng.*, 506 and 2 *Eng.*, 23 ; and the judgment on the writ was properly for a return of the property. *Wilk. Rep.*, 46 ; *Gilb. Rep.*, 162 ; 17 *Conn.*, 233.

Mr. Justice COMPTON delivered the opinion of the court.

This was an action of replevin brought by Charles H. Beers and Lucein T. Morris, partners, under the style of C. H. Beers & Co., against Morris Wuerpul and Thomas M. Laws, partners in the livery stable business, under the style of M. Wuerpul & Co., for the recovery of two horses, a buggy and set of double harness.

At the return term the defendants appeared and pleaded in abatement, that before the commencement of the suit, one Frank J. Webb brought his action of replevin against the said Charles H. Beers, one of the plaintiffs, whereby the property mentioned

19

in the declaration was replevied—which action was then still pending and undetermined—and that they, the said defendants, had possession of said property, for and on account of the said Frank J. Webb, at the time the same was seized and taken from them, at the suit of the plaintiffs as aforesaid—all which the plaintiffs well knew.

Two questions are presented : first, whether this is cross-replevin ; and second, whether, on the abatement of the suit, the defendants were entitled to a return of the property.

As a general principle, the owner of a chattel may take it by replevin from any person whose possession is unlawful, unless it is in the custody of the law, or unless it has been taken by replevin from him by the party in possession ; and our statute, which provides that cross-replevin or replevin for property in possession of an officer, under legal authority, shall not be brought, is but declaratory of this general principle, which existed prior to the enactment. All must admit that if this action had been brought by Beers alone, against Webb—they being the only parties to the first action—it would have been cross-replevin. Is it any the less so, because Morris is joined as co-plaintiff with Beers, and the suit, instead of being instituted against Webb, is brought against M. Wuerpul & Co., his bailees, who happened to have the actual possession of the property. We think not. So far as Morris is concerned, this suit was not necessary for the protection of his rights. If the title to the property was in Beers and Morris, as partners, as is alleged, that fact could have been successfully pleaded by Beers as a defence to the first action, the property would have been returned to him, and he would have held it, as the property of himself and Morris, subject to their respective rights as partners. And as to the defendants, they were, as has been seen, the bailees of Webb, their possession was his possession, and the action may be regarded as, in effect, against him, notwithstanding the plaintiffs chose to bring it against the bailees. In short, the whole transaction indicates an attempt to evade the principle, which forbids cross-replevin.

It is insisted, however, that the court erred in awarding a return of the property. We do not think so. The matters set up in the plea of the defendants, may be pleaded, either in abatement or in bar, (*Deshler vs. Dodge*, 16 *How. U. S.*, 622,) and they not only show that the plaintiffs cannot maintain the action, in *any form*, but also show that the defendants are entitled to the possession of the property as against the plaintiffs. This case is clearly distinguishable from that of *Hartgroves vs. Duval*, 1 *Eng.*, 506.

Let the judgment be affirmed with costs.