CLOUD, Adm'r, vs. WILEY et al.

1. APPEAL: *Effect of, upon the judgment.*

Upon the recovery of judgment, the cause of action is destroyed by merger, and the granting of an appeal does not revive it so that another suit may be maintained on it, or impair the judgment, but the latter continues to subsist until reversed and set aside.

2. FORMER RECOVERY: *When may be pleaded.*

In such case the defendant, if sued again during the pendency of the appeal on the original cause of action, may plead a former recovery.

3. APPEAL FROM PROBATE COURT: *Appellee cannot dismiss.*

The appellee, on appeal by an administrator from a judgment of allowance against the estate of his intestate in the probate court, has no right to dismiss the proceeding in the circuit court, or before the clerk thereof in vacation; and it is error for the circuit court to strike the appeal from the docket on account of such attempted dismissal.

APPEAL from *Clark* Circuit Court.

Hon. E. J. SEARLE, Circuit Judge.

*Watkins & Rose,* for appellants.

*Witherspoon* and *Garland & Nash, contra.*

WALKER, J. The facts necessary to a proper understanding of the questions of law to be considered, are :

That Wiley and Lawrence presented a claim against the estate of Harden M. Prior, to Cloud, the administrator, for his approval and allowance, which he refused to allow, but waived the regular notice and appeared at the October term, 1866, of the probate court for Clark county, in which a trial was had, and the court, after hearing evidence, rendered judgment in favor of the claimants, Wiley and Lawrence, from which an appeal was prayed by Cloud and granted, and a transcript sent to the circuit court to which the appeal was taken. Afterwards, and before the sitting of the circuit court, the plaintiffs (appellees), by attorney, appeared before the clerk of the circuit court, in vacation, and asked that the case be dismissed, which was granted by the clerk and the case dismissed. Soon after this, the plaintiffs again presented their claim to the administrator of the estate of Prior, for

allowance and classification, and the claim was disallowed, notice again waived and the parties appeared before the same court at another term, and a second trial was had upon the same lost note, which was presented and upon which the first trial and judgment were had. After the plaintiffs had closed the evidence on their part, the defendant introduced and offered in evidence a record of the proceedings and judgment in the first trial, and without formal pleadings insisted that the judgment was evidence of a former recovery upon the same cause of action. Upon consideration of the case, the probate court decided in favor of the defendant, and rendered judgment in his favor, from which the plaintiffs appealed to the circuit court, and the case was sent to that court for hearing upon appeal. Both appeals were docketed. The plaintiffs moved the court to strike the first appeal from the docket, as improperly docketed, for the reason that the suit had been dismissed before the clerk in vacation; which motion was sustained by the court and the case stricken from the docket, and the defendant excepted. And it appears that at this point all further proceedings touching the first appeal ceased.

Errors were assigned by the appellant, which were sustained by the court, and a trial *de novo* had.

When the case came up for trial, the defendant moved the court to declare the law to be:

1. That the dismissal of the former case on the same cause of action had no legal effect.

2. That unless proof is offered of the contents of the note sued on, outside of the payee and assignee's affidavit, judgment must be given for the defendant; which the court refused to do, and upon consideration of the evidence, rendered judgment for the plaintiffs, from which the defendant appealed.

The most material question presented for our consideration grows out of the defense of former recovery. Was the first

judgment in force when the second suit was brought? If it was, there can be no question that the second suit upon the same cause of action could not be maintained. This involves a consideration of the effect of the appeal upon the judgment appealed from, the power of the appellee to dismiss an appeal, or to dismiss his case (he being the plaintiff in the cause) after judgment in his favor and an appeal taken by the defendant. There can be no question that the probate court had ample jurisdiction of the cause of action, and that a regular judgment was entered, from which an appeal was taken to the circuit court. The judgment, in the language of Blackstone, "is the sentence of the law pronounced by the court upon the matter contained in the record." 3 Black. Com., 395. Final judgments are such as at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for. Id., 398. And after which there is in fact no cause of action in existence, until the judgment is set aside by the court which rendered it, by an appropriate application for that purpose, or is reversed by some appellate tribunal before which it is taken by appeal or other appropriate process. The appeal taken from a judgment in nowise affects its validity. The right of appeal by a party who feels himself aggrieved by the judgment is clear, and one which, if regularly taken, the appellee has no power to defeat; because, if the appeal be simply dismissed, the judgment of the court from which the appeal is taken remains in as full force as if no appeal had been granted. *Ashley v. Brasil et al.*, 1 Ark., 144.

It would be a mockery to give to the defendant the right to appeal from a judgment rendered against him, and at the same time to the plaintiff the right to dismiss the case, whether in vacation before the clerk or in term time before the court (which in effect was to dismiss the appeal), because

the appeal was the only matter before the circuit court, or in regard to which the clerk could act. There was no cause of action pending in the probate court. That had been disposed of, merged in a judgment. The only matter before the circuit court was the appeal; and although the plaintiffs in their application to dismiss, use the word case instead of appeal, it was a motion in effect and in fact to dismiss the appeal; which we must hold the appellees had no power to do, and that it was error in the circuit court to order the case stricken from the docket, which action of the circuit court, whilst it left the appeal undisposed of, in nowise affected the validity of the judgment of the probate court; and most clearly, whilst it so remained it was a bar to a recovery in any after suit upon the same cause of action; and consequently, the circuit court erred in refusing to pronounce the law as asked by the defendant in his first proposition and in rendering judgment for the plaintiffs; and for this error the judgment must be reversed and set aside.

We have looked with some care into the after condition of this case, because there is a large sum of money involved, and the evidences of debt sufficient to warrant a recovery. Whilst we give effect to this valid defense of former recovery, we leave a valid and subsisting judgment in favor of the plaintiffs, rendered in the first suit, but with regard to which the defendant claims to have been aggrieved, and from which he has prayed an appeal, which has been stricken from the docket, and to which he excepted at the time, but with regard to which no appeal was taken. Consequently that case is not before us, and we deem it out of place to indicate the redress, if any, which the defendant may have in that case.

Let the judgment of the circuit court be reversed.