## HICKS v. SWANK.

No. 2746.   Opinion Filed May 20, 1913.

(132 Pac. 654.)

1. JUDGMENT—Judgment of the United States Commissioner——Conclusiveness. Under the law of Arkansas, in force in Indian Territory prior to statehood, the judgment of a United States commissioner, where jurisdictions of the parties and subject-matter have been obtained, until vacated, annulled, or set aside in some mode known to the law, is as conclusive as that of a court of record.

2. JUDGMENT—Res Adjudicata—Judgment in Commissioners' Court. Under the Arkansas law where a judgment was had in a commissioner's court, having jurisdiction to determine the same, the original cause of action was merged into the judgment, and a plaintiff losing in the commissioner's court, and having a judgment for costs entered against him, could not appeal his case to the United States court, and then dismiss his case and sue again in the lower court on his original cause of action. The dismissal of the case on appeal, was, in legal effect, merely a dismissal of his appeal. This left the commissioner's judgment in force, and such judgment, being properly pleaded in the second suit, was a complete defense.

(Syllabus by Brewer, C.)

*Error from County Court, Pontotoc County;*
*J. F. McKeel, Special Judge.*

Action by William L. Swank against George W. Hicks. Judgment for plaintiff, and defendant brings error. Reversed and remanded, and judgment entered for defendant.

*Bullock & Kerr,* for plaintiff in error.

*T. Eustis Robertson, Jos. L. Hull, Duke Stone,* and *Leslie Maxey,* for defendant in error.

Opinion by BREWER, C.  On July 27, 1906, Swank, as plaintiff, filed a suit in the mayor's court of Roff, I. T., based on a judgment rendered in a justice of the peace court of Missouri. At a trial in the mayor's court of Roff, the defendant, Hicks, prevailed and obtained a judgment that he go hence with his costs.  From this judgment the plaintiff, Swank, appealed to the United States Court for the Southern District of Indian Territory, sitting at Ada, wherein the appeal was pending, undisposed of, at the time of statehood.  On October 28, 1908, the appellant Swank appeared in the district court of Pontotoc county, to which this suit had been transferred by operation of law, and caused an order to be made of "nonsuit without prejudice."  On March 8, 1909, the present suit was brought on the original Missouri judgment as a cause of action in the county court of Pontotoc county; the cause was tried by the court by agreement of the parties, all the issues being found in favor of the plaintiff, Swank, who was given a judgment for $174 against the defendant, Hicks.

One of the defenses set up by the defendant in the county court is as follows:

"(6) Further answering, defendant alleges that on the 27th day of July, 1906, in the mayor's court of the incorporated town of Roff, Ind. T., a court of competent jurisdiction, and having jurisdiction of the subject-matter, persons, and parties hereinafter named, the above-named plaintiff brought action against the defendant herein upon the identical judgment mentioned and described in plaintiff's petition herein; said cause of action being the identical cause that plaintiff seeks to recover on herein.  That issue was joined in said action, and same was on the 22d day of September, 1906, duly tried in said court, which resulted in a judgment in favor of the defendant herein and against the plaintiff, whereby plaintiff took nothing from defendant and defendant recovered his coats of and from plaintiff, and that said judgment still remains in full force and effect and in no wise reversed, annulled, or set aside, and that a copy of said

judgment is hereto attached and made a part hereof. That thereafter and within the time allowed by law said cause was by the plaintiff herein appealed to the United States District Court for the Southern District at Ada, Ind. T., and after statehood duly transferred to the district court of Pontotoc county, Okla., and that on the ............day of............, 190......, said appeal and action was by said district court dismissed. Defendant alleges that the dismissal of said appeal and action in said district court restored to full force and effect the judgment of the mayor's court of Roff, hereinbefore referred to, and that plaintiff cannot maintain this action for the reason that said judgment is in full force and effect, and that said judgment adjudicated the matters and things at issue in this action, and was a final determination of same."

If this defense is sufficient, it disposes of the case. It is frankly stated by counsel for the parties that they have been unable to cite any case fully in point. We have made considerable search independently, and fail to find a case in any of the courts dealing with the identical situation.

While the disposition of this appeal occurred after statehood, the judgment of the mayor's court, in favor of defendant, and the appeal therefrom were all had under the laws of Arkansas as in force in Indian Territory, and those laws must be looked to to find what effect the appeal had on the judgment in the mayor's court. The mayors of incorporated towns in Indian Territory, had, *ex officio,* the civil jurisdiction of United States commissioners, who had the jurisdiction of justices of the peace in Arkansas. *Turk v. Mayberry,* 32 Okla. 66, 121 Pac. 665. Therefore the mayor's court of Roff had jurisdiction of the subject-matter and the parties in this suit, and the unquestioned authority to render a judgment in favor of the defendant, as was done. Having exercised such jurisdiction, "the judgment of the justice, until vacated in some mode known to the law, is as conclusive as that of a court of record." *Burgess v. Poole,* 45 Ark. 373; *Gates v. Bennett,* 33 Ark. 475.

In the case of *Burgess v. Poole, supra,* in discussing an appeal, it is said further:

"But whether dismissed or not, the judgment of the justice stands until it is set aside by a superior court. The grant of an appeal did not impair it, nor did it revive Poole's original cause of action, which had been destroyed by merger, so as to enable him to maintain an independent suit upon it. Burgess, if sued again for the same matter, during the pendency of the appeal, might plead the former judgment in bar" (citing *Cloud v. Wiley*, 29 Ark. 80; *Biscoe v. Butts*, 5 Ark. 305; *Beers v. Wuerpul*, 24 Ark. 272.)

In the case of *Cloud v. Wiley*, 29 Ark. 80, Wiley, who had presented a claim to the administrator of an estate, by whom the same was disallowed, recovered a judgment before the probate court for the allowance of his claim. The administrator appealed to the circuit court from this order allowing the claim, where he was entitled to a trial *de novo*. After the docketing of the appeal in the circuit court, the appellee (plaintiff below) appeared and *"dismissed his case."* The same claim was then again presented to the administrator, refused, and a trial had before the probate court upon the same claim. Upon appeal a second time the court held, in effect, that notwithstanding the first appeal was to be tried in circuit court *"de novo,"* and the owner of the judgment appealed from had caused a *"dismissal of his case,"* yet that it was merely equivalent to dismissing the appeal, and left the original probate judgment in full force and effect. This case is not directly in point, but throws considerable light on the situation. We quote:

"There can be no question that the probate court had ample jurisdiction of the cause of action, and that a regular judgment was entered, from which an appeal was taken to the circuit court. The judgment, in the language of Blackstone, 'is the sentence of the law pronounced by the court upon the matter contained in the record.' 3 Black. Com. 395. Final judgments are such as at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for (*Id.* 398), after which there is in fact no cause of action in existence, until the judgment is set aside by the court which rendered it, by an appropriate application for that purpose, or is reversed by some appellate tribunal before which it is taken by appeal or other appropriate

process. The appeal taken from a judgment in no wise affects its validity. The right of appeal by a party who feels himself aggrieved by the judgment is clear, and one which, if regularly taken, the appellee has no power to defeat, because, if the appeal be simply dismissed, the judgment of the court from which the appeal is taken remains in as full force as if no appeal had been granted. *Ashley v. Brasil et al.,* 1 Ark. 144. It would be a mockery to give to the defendant the right to appeal from a judgment rendered against him, and at the same time to the plaintiff the right to dismiss the case, whether in vacation before the clerk or in term time before the court (which in effect was to dismiss the appeal), because the appeal was the only matter before the circuit court, or in regard to which the clerk could act. There was no cause of action pending in the probate court. That had been disposed of, merged in a judgment. The only matter before the circuit court was the appeal; and, although the plaintiffs, in their application, to dismiss use the word 'case' instead of 'appeal,' it was a motion in effect and in fact to dismiss the appeal, which we must hold the appellees had no power to do, and that it was error in the circuit court to order the case stricken from the docket, which action of the circuit court, whilst it left the appeal undisposed of, in no wise affected the validity of the judgment of the probate court; and most clearly, whilst it so remained, it was a bar to a recovery in any after suit upon the same cause of action. * * * "

In taking appeals from justice courts, under the Arkansas law, the jurisdictional act was the filing of an affidavit "that the appeal is not taken for the purpose of delay, but that justice may be done him."

The appellant can appeal either with or without bond. Mansfield's Dig. sec. 4135 (Ind. T. Ann. St. 1899, sec. 2815). When the appeal is without bond, "such appeal shall not operate as a suspension of the proceedings upon the judgment appealed from." Mansfield's Dig. sec. 4136 (Ind. T. Ann. St. 1899, sec. 2816). If the bond be given, the justice shall enter the allowance in his docket and "all further proceedings on the judgment shall be suspended," etc. Mansfield's Dig. sec. 4137 (Ind. T. Ann. St. 1899, sec. 2817). Where the bond is given and further proceedings on the judgment suspended, it shall be con-

ditioned "that the applicant will prosecute his appeal with due diligence to a decision; and if, on such appeal, the judgment of the justice be affirmed, or if, on a trial anew in the circuit court, judgment be given against him, that he will pay such judgment, and if his appeal be dismissed, that he will pay the judgment of the justice, together with the costs of the appeal."

In the instant case it is not shown whether the appeal was with or without bond, but it would be immaterial. The judgment in justice court was against the plaintiff. His cause of action on the Missouri judgment had been merged into the new judgment. *Burgess v. Poole, supra; Cloud v. Wiley, supra.* Under the same, and other Arkansas authorities, this judgment was conclusive against his alleged cause of action, until he could relieve himself of its force and effect in some mode provided by law. The only mode allowed by law was an appeal. During this appeal, if without bond, the judgment retained all of its original potency. If with bond its potentiality was merely held in a state of abeyance, awaiting the outcome of the appeal. If tried again, the new judgment would supplant the old, for this is the remedy allowed. If the appeal for any reason fails, in the very nature of things the judgment of the lower court is left unimpaired; that is, it has not been annulled, vacated, or set aside, in any manner provided by law.

That is the situation presented here in our judgment. If the appellant had simply dismissed his appeal, no one would question but that, under the Arkansas law, the justice's judgment would have been left in full vigor and enforceable, when he attempted to avoid the effect of a dismissal of the appeal; by dismissing his case, he merely abandoned his appeal, which was the case he had, which had the same effect as a dismissal of it.

The plea, under the circumstances of this case and the law applicable, was a defense, and for that reason the case should be reversed and remanded, and a judgment entered for defendant.

By the Court: It is so ordered.