JOHNSON *v.* WALLS.

Opinion delivered November 24, 1919.

ATTORNEY'S FEES—JUDGMENT—RES JUDICATA.—One J., as attorney, brought a personal injury action for an administrator in Independence County, and later, under order of the Director General of Railroads brought the same suit in Baxter County. The administrator thereafter dismissed J., settled the cause of action, and had both suits dismissed. J. then filed a petition for a fee in Baxter County, which was denied. *Held,* the judgment of the Baxter Circuit Court denying the petition was *res judicata* of the issue, and that J. could not have the cause redocketed in Independence County for the purpose of obtaining judgment for a fee there.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Jo Johnson,* for appellant.

Makes the same points and cites the same authorities as in No. 2 *ante,* contending that the court erred in denying his petition to intervene and to reinstate the cause.

*Troy Pace,* for appellees.

The whole matter is *res judicata;* the judgment of the Baxter Circuit Court concludes the matter. 29 Ark. 80; 84 *Id.* 203. 1 R. C. L., sec. 24; 1 Cyc., sec. 275.

McCULLOCH, C. J.   G. W. Walls, as administrator of the estate of J. W. Fulson, through his attorney, Jo Johnson, instituted this action against the Missouri Pacific Railroad Company in the Independence Circuit Court to recover damages for the death of Fulson, which the complaint alleged were caused through the negligence of the servants of the railroad company.   After the complaint had been filed the Director General of Railroads ordered that suits against railroad companies should be commenced either in the county where the person injured by the railroad company resided at the time of his injury, or in the county where the accident occurred.   After this rule was adopted, Walls, the administrator, through his attorney, Jo Johnson, instituted another suit against the Missouri Pacific on the same cause of action in the Baxter Circuit Court.   But the suit in the Independence Circuit Court was not dismissed upon the institution of the second suit.

Afterwards the administrator of the estate of Fulson in succession to Walls compromised with the railroad company and settled for the sum of $10,000 and upon such settlement the administrator dismissed the cause pending in the Baxter Circuit Court.   Following the order dismissing the cause in the Baxter Circuit Court the administrator, in succession, dismissed the case involving the same cause of action in the Independence Circuit Court at a special term of that court held on November 25, 1918.

At the December term of the Independence Circuit Court Jo Johnson filed a motion to set aside the order of dismissal and asking that the cause be redocketed and also filed his petition asking that he be allowed to inter- vene, setting up in substance that he had a contract with the administrator of the estate of Fulson and half ex- penses as plaintiff's attorney.

As grounds for his motion to reinstate the cause in the Independence Circuit Court, Jo Johnson, among other things, alleged that, after the dismissal of the case that was pending in the Baxter Circuit Court, he made in- quiry of the clerk of the Independence Circuit Court as to the date the court would convene, and the clerk re- plied: "There won't be any court before the term be- ginning the 30th day of December, and these cases will be set for trial on Wednesday of the first week." That after receiving this information he (Johnson) relied upon the same and was misled thereby, and without any fault on his part was thus prevented from appearing in the In- dependence Circuit Court on the day the cause was dis- missed. He also set up that he was misled by certain statements and correspondence made by the appellee's counsel and induced to believe that no action would be taken in the case of the administrator of the estate of Fulson against the Missouri Pacific and hence was not in attendance on the court at the time the case was dis- missed.

The railroad company responded to the motion dis- claiming and denying any responsibility for the act of the clerk and denying that any act upon its part or upon the part of its attorney or any other employee misled the pe- titioner and disclaiming responsibility for any act of the clerk in that particular.

The railroad company further alleged that the inter- vener, many months after the institution of this suit, without taking any further steps to prosecute the same, refiled the same complaint, setting up the same cause of action in the circuit court of Marion County, and there- fore, in compliance with the order of the Director Gen-

eral of Railroads, filed copy of the same complaint setting up the same cause of action in the circuit court of Baxter County, the county where the accident occurred; that later the administration in succession, becoming dissatisfied with the services of Jo Johnson, the intervener, dismissed the cause of action and settled same with the appellee; that thereafter the intervener filed petition in his name and in the name of one F. B. Sizer, associate counsel, in the circuit court of Baxter County, for the allowance of attorney's fee on account of the prosecution of this same cause of action. This petition was heard upon the response of the appellee thereto, together with the evidence adduced and a judgment was rendered in the Baxter Circuit Court denying the right of Jo Johnson, the intervener, to claim or recover any fee and pleading such proceeding and judgment as *res judicata.*

The railroad company further alleged that all matters and things in connection with the original action and in connection with the intervention had been completely settled in the circuit court of Baxter County, and that, therefore, there was no reason for reinstating the case in the Independence Circuit Court. It further alleged that neither the plaintiff in the original action, nor the intervener, was a resident of Independence County, and that by virtue of the orders of the Director General of Railroads the circuit court of that county was without jurisdiction to hear or determine the cause, and that it would be useless, therefore, to redocket the case.

J. H. Fulson, administrator in succession, also filed a response in which he set up that immediately upon his appointment as administrator in succession he notified the attorney, Jo Johnson, by telegram and letter that his contract with Walls for attorney's fees would not be recognized and dismissed the cause of action and shortly thereafter made the settlement with the defendant railroad company for his father's death; that the intervener could not maintain his petition against the administrator in succession for the reason that G. W. Walls, the first administrator, had been removed, being a nonresident of

the State, and that a claim against an administrator could not be prosecuted outside of Baxter County, where the administration is pending. The respondent Fulson adopted the response of the railroad company, and further alleged that the intervener could not maintain an action against him even if no judgment were asked against the administrator in the petition for fee here and determination in the Baxter Circuit Court, for the reason that such proceeding would be a splitting of intervener's cause of action, which could not be legally done. The respondent further set up that, by the bringing of the suit in Baxter County, the cause was abated and by virtue of the attorney's lien statute no petition for fee could be heard except in the suit in the county where the suit was pending at the time of the alleged settlement. He further set up that no notice of the application to set aside the order of dismissal had been served upon him, and therefore the court could not rightfully entertain same.

The judgment overruling the appellant's petition for intervention and his motion to reinstate the cause contains the following recital: "It appearing that, while this cause was pending in this court, intervener, as attorney for plaintiff, commenced a suit of this same cause of action against defendant in the Baxter Circuit Court and thereafter that said Baxter Circuit Court suit was dismissed by plaintiff for the purpose of settling with defendant without the approval of plaintiff's attorney, the intervener here, and thereafter, towit, on September 11, 1918, intervener here filed his petition there for fee and charged and got that case redocketed and was there granted a hearing of said petition, all as to and against the defendant only and not as to or against the plaintiff. Said petition being there denied and the same being appealed to the Supreme Court and said petition there being for the same fee and charges as are now asked for by intervener in his petition here, the petition here being as against the plaintiff only and not against the defendant. Therefore, this court is of the opinion that no jurisdiction remains or could remain here to consider intervener's petition for fee as against plaintiff."

From the judgment dismissing intervener's petition and overruling his motion to reinstate is this appeal.

There is no bill of exceptions in this cause, and the above findings and recitals of fact made in the court's judgment must be held to be correct.

It appears from those findings that the appellant on September 11, 1918, filed his petition in the Baxter Circuit Court to have the cause of G. W. Walls, administrator of the estate of John H. Fulson, deceased, in which J. H. Fulson, administrator in succession, had been substituted as a party plaintiff and which had been dismissed for the purpose of settling the same with the railroad company to reinstate and redocket that case in order that he might have his claim for a fee adjudicated, and succeeded in having the cause redocketed and his petition heard as against the railroad company; that the petition for fee was denied and that the petitioner, Jo Johnson, appealed from the judgment denying his claim for a fee to the Supreme Court; that the petition heard in that cause was for the same fee and charges which the appellant is now seeking to have adjudicated by his petition against J. H. Fulson, administrator in succession, in this cause.

Such being the facts of the present case, the judgment in the Baxter Circuit Court denying the appellant the relief which he there sought is plainly *res judicata* of the issue raised by appellant in his petition to reinstate and redocket the cause in the Independence Circuit Court for the purpose of having his claim for a fee against the administrator in succession adjudicated.

The judgment of the Baxter Circuit Court was that of a court having jurisdiction of the subject-matter and of the parties, and it is final until set aside or reversed by the judgment of the Supreme Court. *Cloud, Admr.*, v. *Wiley et al.*, 29 Ark. 80; *Chicago Mill & Lbr. Co.* v. *Boynton*, 84 Ark. 203.

Appellant's claim for a fee and to have the lien therefor fixed and enforced against the railroad company in the proceeding instituted by him for that purpose in the

Baxter Circuit Court necessarily involved the issue as to whether or not he was entitled to a fee by contract with the administrator in succession of the estate of Fulson.

The findings of the court show that the appellant was seeking by his petition and motion in the present case to have his claim for the same fee and charges adjudicated as were passed upon by his petition in the Baxter Circuit Court. The judgment of that court being in force at the time the appellant's petition and motion herein were disposed of, the court was clearly correct in holding that same were *res judicata*.

The judgment of the Independence Circuit Court, denying appellant's petition and overruling his motion to reinstate, is correct, and is affirmed.