Walker *vs.* Wills.

defendant: the price and quantity were yet to be fixed. This could not be done by first supposing a given quantity not ascertained by proof, and then arrive at the price by proving a *quantum valebant*, and thereby implying a promise to pay. This is travelling from the unknown to the still more unknown—from the uncertain to that which is still more uncertain. The bargain, so far as the proof goes, was to purchase fodder of the plaintiff. But the quantity and price were not agreed upon. The plaintiff might, therefore, have delivered him any other fodder as well as the fodder in the particular field. Proof of an acknowledgment of the defendant that he was to take certain stacks of fodder from the plaintiff, was afterwards attempted. But this, at least, only proves a promise to purchase, but does not prove a delivery of the property in earnest. If he really made such a bargain, and in consequence of the *non* fulfilment of his engagement, the plaintiff lost a sale of the property, or suffered damage, she might have her special action on the case for consequential damages, but she could not maintain indebitatus assumpsit. Even in cash sales, two things are necessary to the transfer of title to personal property: payment by the vendee, and actual or constructive possession by the vendor. *Ward vs. Shaw*, 7 *Wend.* 404. Could Faulkner have maintained trover or detinue against Fagan, had he demanded the property, and she had refused to deliver it? We think not, because he had neither paid for the property, nor paid earnest, nor obtained a delivery actual or constructive. The rights of vendor and vendee must be mutual, except so far as the right of the vendee remains to seize the property *in transitu.*            Judgment affirmed.

---

## WALKER *vs.* WILLS.

Where demurrer is sustained to a plea, and leave is asked and granted to file another, which is accordingly filed, the first plea is abandoned; and the decision on the demurrer cannot be considered here.

A plea stricken from the files is no part of the record, unless incorporated in a writ of exceptions.

A statement in the record, that defendant agreed in open court that judgment might be rendered against him, is not a confession of judgment.

A note payable on demand, bears interest from date.

Walker *vs.* Wills.

THIS was an action of debt, determined in the Monroe Circuit Court in March, 1842, before the Hon. JOHN C. P. TOLLESON, one of the Circuit Judges. *Wills* sued *Walker*, on a note for $200, payable on demand. Walker pleaded want of consideration. Demurrer to to plea sustained, and leave asked and granted to file a new plea. He then filed an amended plea, which was stricken from the files, and was excepted, but did not embody in his exceptions, the plea stricken out. He then refused to plead further, and agreed in open court that judgment might be rendered against him. Judgment for $200 debt, $62 damages, and interest on debt and damages from judgment, with costs. The case came up by writ of error; and was argued here by *Fowler*, for plaintiff in error, and *W. & E. Cummins*, contra.

*By the Court*, PASCHAL, J. The plaintiff excepted, but did not copy the second plea, or so refer to it in any way as to make it a part of his bill of exceptions, or to preserve it on the record. Having therefore abandoned his first plea, and failed to make his second plea stricken from the files, a part of the record, we are left with nothing before us for consideration, but the declaration and the judgment. For although the second plea is copied into the transcript, yet we are not at liberty to consider it. We may passingly remark, however, that were we permitted to adjudicate on both pleas, we should say that they are wholly insufficient in law, to constitute a valid defence.

The record is made to say that, the "defendant agreed in open court that judgment might be rendered against him in this cause." This is not a confession of judgment, and can only be regarded as a judgment *nil dicit*.

The question as to interest from date, on a note on demand, was settled by this Court in the case of *Pullen vs. Chase*, 4 *Ark. Rep.* 210.

The judgment is in strict form, and for the correct amount, and the error as to interest, if any there was, has been cured by remittitur.

Judgment affirmed.