## BURGESS v. POOLE.

1. APPEAL: *Effect of dismissal of.*
   The dismissal of an appeal in the circuit court leaves the judgment of the justice of the peace in full force.

2. RES JUDICATA: *New action before J. P. pending appeal.*
   A judgment of a justice of the peace is not impaired by the grant of an appeal to the circuit court; and if, pending the appeal, the plaintiff brings a new action against the defendant for the same matter, he may plead the former judgment of the justice in his favor, as *res judicata*, in bar of the suit.

3. PARTY: *New, bound by judgment.*
   By voluntarily becoming a party to a pending suit one becomes bound by the result as much as if he had been an original party.

APPEAL from *Union* Circuit Court.

Hon. B. F. ASKEW, Circuit Judge.

The Appellant *pro se.*

The appellee, by *voluntarily making* himself a *party* to the first suit, became bound by the result, and on the dismissal of his appeal in the circuit court the judgment of the justice, which was against him, stood affirmed and in full force until reversal.

In the second suit the plea of *res adjudicata* or former recovery should have been sustained. The appellee was a party to the first suit in the manner prescribed by law. He appealed, dismissed his appeal, and the justice's judgment thereby became conclusive.

*W. H. Langford* and *Geo. W. Williams* for Appellee.

Argue upon the merits, as to which mortgage should take precedence, etc.

SMITH, J.   Burgess and Poole held separate mortgages upon the crop of cotton to be produced by Merrick Williams in the year 1880, in Union county. In December of that year Williams, the mortgagor, brought replevin before a justice of the peace, against Burgess, for four bales of that crop. On the day of trial, Poole appeared before the justice and expressed his desire to intervene for the property. He was informed that the law had made no provision for an interplea in this class of actions, but that he could make himself a party. He was accordingly, upon his own application, admitted as a co-plaintiff, but did not, it appears, offer any evidence in support of his claim. Judgment having been given for Burgess, Poole appealed to the circuit court, making and filing the customary affidavit for that purpose, in which he is described as a party to the proceeding.

Subsequently, and before any disposition had been made of this appeal, Poole instituted a cross-replevin against Burgess before another justice of the peace for this identical lot of cotton. This last-mentioned action also found its way into the circuit court by appeal, and was there determined in favor of Poole. This last judgment is the one we have to deal with.

1. APPEAL:— Effect of dismissal of.

The record does not show what became of the first appeal; but, from the statements of counsel on both sides, it is probable

it was dismissed, either upon Poole's own motion or for want of prosecution, before the trial of the second appeal. If this be so, the obvious effect was to leave the judgment of the justice of the peace in full force, the same as if no appeal had been taken. *Ashley v. Brazil, 1 Ark., 144.*

But whether dismissed or not, the judgment of the justice stands until it is set aside by a superior court. The grant of an appeal did not impair it. Nor did it revive Poole's original cause of action, which had been destroyed by merger, so as to enable him to maintain an independent suit upon it. Burgess, if sued again for the same matter, during the pendency of the appeal, might plead the former judgment in bar. *Cloud v. Wiley, 29 Ark., 80; Biscoe v. Butts, 5 Id., 305; Beers v. Weerpul, 24 Id., 272.*

2. RES JUDICATA: New action before J. P.

It was an issue in the present action that the matter in controversy was *res judicata.* Burgess filed in the circuit court a plea of former suit pending between the same parties and involving the same subject matter. And on the trial he read in evidence the docket entries of the justice in the first action, showing the facts above recited.

If Poole had kept aloof from the litigation between Williams and Burgess, he would not have been concluded by any judgment therein. Being a stranger to the proceeding, he might have sued out his writ of replevin for the same property without waiting for the determination of that suit. *Hagan v. Deuell, 24 Ark., 216.* But, having voluntarily come in, he is bound by the result, as much as if he had been an original party.

3. New party, bound by judgment.

*Section 4946 of Mansfield's Digest* expressly authorized his admission as a party. And he could have effectively asserted in that action any claim he may have had which was derived from Merrick Williams, the common source of title. *Files v. Watt, 28 Ark., 151.* The justice, then, has jurisdiction over the subject matter and the parties. And his judgment, until vacated

in some mode known to the law, is as conclusive as that of a court of record. *Gates v. Bennett, 33 Ark., 475.*

Otherwise, we should have two courts of concurrent jurisdiction, making contradictory orders about the possession and ownership of the same chattels. The court which first obtained possession of the case had the exclusive right to proceed to a final determination. If Poole's first appeal has been dismissed the controversy is at an end. He could not abandon his appeal without forfeiting all his rights in the property. If that appeal is still pending and undetermined in the court below, a trial anew on the merits may still be had.

Reversed, and remanded for a new trial.