WATSON *v.* WHITE.

4-9284                                    233 S. W. 2d 544

Opinion delivered November 6, 1950.

*Bernard Whetstone,* for appellant.

*T. P. Oliver* and *J. S. Thomas,* for appellee.

MINOR W. MILLWEE, Justice.   On July 26, 1949, a collision occurred on the streets of El Dorado, Arkansas, between automobiles owned by plaintiff, James F. Watson, and defendant, E. V. White, respectively.   Plaintiff brought this action in the Municipal Court of El Dorado against defendant for damages to his car in the sum of $100 allegedly arising out of the collision.   Defendant filed an answer and cross-complaint seeking damages in the sum of $100 to his car as a result of the collision.

The judgment of the municipal court, after stating the appearance of the parties and their counsel, recites: ''Whereupon it was suggested by counsel for the Defendant that since testimony had been heard by the Court in a criminal proceeding, prior to this date, that the Court enter a judgment based upon the facts as submitted in the criminal hearing, which was done.''   Then follows judgment in favor of plaintiff for $100 with exceptions and an appeal prayed by defendant and granted by the court.   Affidavit and bond for appeal to circuit court were duly filed by defendant.

Prior to trial in circuit court, plaintiff filed a motion to dismiss the appeal on the ground that the municipal judgment was by confession and defendant could not, therefore, appeal from it.   At a hearing on said motion counsel for plaintiff testified that after the witnesses were sworn to try the case in municipal court, counsel for defendant inquired whether the court could enter judgment for the plaintiff and show an appeal therefrom by defendant; that the court replied in the affirmative and

directed plaintiff's counsel to "write up a judgment" accordingly; and that the judgment was entered without ascertaining whether counsel for plaintiff was willing to submit the case on the testimony adduced at the previous trial.

In a colloquy ensuing between counsel and the court counsel for plaintiff stated: "When a judge writes up a judgment reciting the facts upon which it is rendered, I don't see how this Court can do anything about it, except to accept that judgment on its face, and my Motion to Dismiss is directed to that judgment." The trial court refused to construe the municipal court judgment as one by confession, or consent, and overruled the motion to dismiss. Plaintiff assigns this as reversible error and relies on the case of *Cave* v. *Smith*, 101 Ark. 348, 142 S. W. 508. In that case a justice of the peace judgment recited: "And the defendant acknowledged service of the summons, and without further proceedings the defendant asked the court to enter judgment against him for said sum sued on $13.50, and then filed affidavit and bond for an appeal to the circuit court," etc. The court there held that defendant confessed judgment when he asked the court to enter judgment against him after entering his appearance without interposing any defense whatever. The facts were distinguished from those in the earlier case of *Walker* v. *Willis*, 5 Ark. 166, which held that there was not a confession of judgment where the defendant agreed that judgment might be rendered against him in justice court after a demurrer to his plea of want of consideration was sustained and his amended plea stricken by the justice of the peace.

In the later case of *The McCall Co.* v. *Smith*, 117 Ark. 118, 173 S. W. 845, a justice of the peace judgment showed that the jury returned a verdict for defendant "at the suggestion of plaintiff's attorney" after evidence offered by plaintiff (appellant) was held inadmissible by the justice of the peace. The court said: "Taking the recitals of the record altogether it cannot be said that they show that the judgment entered by the justice of the peace was on confession, or by the consent, of the appel-

lant. The word *suggestion* is neither synonymous with *confession* nor *consent,* and before a judgment should be treated as one rendered on confession or consent the recitals showing such confession or consent should be clear and unequivocal. Such is not the case here.''

In the case at bar defendant had filed an answer and cross-complaint in the municipal court. The record reflects that the court had previously tried a criminal charge against the defendant arising out of the same collision. The suggestion by counsel for defendant that the court enter judgment based upon the facts developed in the previous trial, in order to expedite the proceedings, did not amount to a clear and unequivocal confession on his part that plaintiff was entitled to a judgment against him. Plaintiff says he did not agree to the action of the' court in rendering judgment on the proof previously taken, but he was present with his counsel and made no objection to the procedure which resulted in a judgment in his favor. The trial court correctly overruled the motion to dismiss.

After the motion to dismiss was overruled, the case proceeded to trial. Plaintiff introduced the testimony of his wife, who was driving plaintiff's automobile at the time of the collision, and the manager of a store and garage where plaintiff's car was repaired. When plaintiff then announced that he rested his case the trial court stated: ''Mr. Whetstone, before closing your case I would like to call your attention to the fact that in making proof of damage to cars—I don't know whether it is proper for me to put it in here—but I think in fairness to everybody concerned, at most you are inclined to rely on an estimate of the garage mechanic on what it cost to make repairs to the car. I have called this to the attention of the attorneys in cases of this kind, that that is not the rule in arriving at the measure of damages. The rule, strictly stated, is the difference in the value of the vehicle immediately before the accident, and the value immediately afterward. You have approached it in this case on the proof of what it cost to repair it. That is a circumstance that may be considered,

but I don't think that is sufficient, standing alone. I call your attention to this because I don't want anybody to get slipped up on it.''

Plaintiff insists that the trial court erred in refusing to declare a mistrial on account of the court's remarks. In view of the nature of the testimony offered by plaintiff on the measure of damages, which will be discussed later, we cannot agree with plaintiff's contention that the trial court's statement amounted to a comment on the weight of the evidence or ''a belittlement of appellant's case and the ability of his counsel.'' On the contrary, we hold that the remarks of the court and the colloquy which followed show that the trial judge was endeavoring to be helpful to both parties in presenting proper testimony on the measure of damages, and that he was trying to prevent the happening of the very thing that did happen when plaintiff refused to offer further testimony. After denial of plaintiff's motion for a mistrial, the trial court offered to permit plaintiff to submit further testimony on the measure of damages. This offer was refused by plaintiff and a request for a directed verdict in defendant's favor on plaintiff's complaint was granted, after defendant moved to dismiss his cross-complaint.

It is next contended that the trial court erred in directing a verdict for defendant on account of the insufficiency of the proof as to the measure of damages. In this connection plaintiff's wife testified to the damaged condition of the 1941 model car involved in the collision. She then testified: ''Q. Do you know how much it cost to have it repaired? A. No, sir. It was over—it was $100.40; I saw all of the bills; I didn't look at all of the bills; the grocery bill and that were paid at the same time.''

The manager of the store and garage where the repairs were made testified that he appraised the damage to the car and made an estimate of the cost of repair, but no estimate was introduced in evidence. He stated that the front fender was replaced and the radiator was either repaired or replaced; that they straightened or attempted

to straighten the frame and lined up the "running gear." He then testified: "Q. Do you know how much your bill ran for work and parts on the car? A. It was a little over $100; I don't know exactly. The Watsons were good customers and we made them a good price; it ran over $100, though." On cross-examination he testified: "Q. And you run the store and garage at Junction City for Mr. Mayfield? A. Yes, sir; more or less the manager. Q. And you personally inspected the car? A. Yes, sir; I did, on this particular job. Q. You don't know where, or when, or how that damage occurred to the car, do you? A. No, sir; I don't. Q. You don't know anything about that? A. No, sir; nothing pertaining to the way it happened. I have not heard it discussed one way or the other. Q. And you don't know when it happened? A. I remember it was in July. Q. You don't know whether all of the repairs you did on the car was caused by the collision up here on Hawthorne and Raymond streets or not, do you? A. No, sir; I wouldn't have any way of knowing how it was done. They are regular customers of ours; but I didn't notice any of these damaged parts that we repaired previous to that time. Q. You didn't look for them? A. No, sir; I didn't look for it."

Plaintiff asserts that this testimony was sufficient to take the case to the jury under the cases of *Kane* v. *Carper-Dover Mercantile Co.*, 206 Ark. 674, 177 S. W. 2d 41, and *Golenternek* v. *Kurth*, 213 Ark. 643, 212 S. W. 2d 14. In these cases we reaffirmed the oft repeated rule that the measure of property damages arising out of an automobile collision is the difference between the market value of the property immediately before the injury and its market value immediately after the injury. The effect of our holdings in the cited cases is that proof of repairs is sufficient if, when considered with the other evidence adduced, it is shown to fairly represent the difference in market value before and after the injury. No repair bills or estimates of the cost of repairs were introduced in the instant case. It is not shown whether certain parts were replaced or merely repaired and the amount of the charges is indefinite. The installation of

new parts in a 1941 model automobile may enhance the value a great deal and thereby materially affect the difference in market value before and after the injury. Under the testimony adduced here, we cannot say that the trial court erred in directing a verdict for defendant.

Plaintiff also contends that in any event he was entitled to nominal damages and the court, therefore, erred in instructing a verdict for defendant. The issue of nominal damages was not raised at the trial and there is no assignment of error in the motion for new trial on this ground. In *Cathey* v. *Arkansas Power & Light Co.*, 193 Ark. 92, 97 S. W. 2d 624, upon which plaintiff relies, this court held that a suit for condemnation of land for highway purposes came within that class of cases in which the damages cannot be adequately and definitely estimated and applied the rule of nominal damages. The instant case does not deal with damages of the type involved in the Cathey case and cases there cited.

Plaintiff made timely objection to the action of the trial court in dismissing the cross-complaint without prejudice when defendant moved for a non-suit thereon. Under the principles announced in *Fowlkes* v. *Central Supply Co.*, 187 Ark. 201, 58 S. W. 2d 922, the taking of a non-suit in the circumstances here presented is tantamount to a dismissal of the cross-complaint with prejudice. The judgment of the circuit court will be modified to show a dismissal of defendant's cross-complaint with prejudice. In all other respects the judgment is affirmed.