Lynn Carl MIDDLETON and Joyce Middleton, *Husband and Wife v.* Geraldine LOCKHART, Mildred Anderson, Joyce Henson, and Jesse J. Brewer

03-467                                              139 S.W.3d 500

Supreme Court of Arkansas
Opinion delivered December 18, 2003

*Martin Law Firm, P.A.*, by: *Thomas A. Martin*, for appellants.

*Davis Law Firm*, by: *Steven B. Davis*, for appellees.

Aɴɴᴀʙᴇʟʟᴇ Cʟɪɴᴛᴏɴ Iᴍʙᴇʀ, Justice. This appeal arises from an attempt by Appellees Geraldine Lockhart, Mildred

Anderson, Joyce Henson, and Jessie Brewer to execute a Missouri court's wrongful-death judgment by forcing the sale of real estate located within the State of Arkansas. Appellants Lynn Carl Middleton and Joyce Middleton (the Middletons) filed a motion to quash execution of that judgment, alleging a Missouri statute of limitations on judgments is controlling and, under that statute, the judgment is presumed paid. The appellees argued below that the Missouri statute of limitations was tolled by a payment received toward the judgment in 1995. The Newton County Circuit Court denied the Middletons' motion to quash execution.

On appeal, the Middletons argue that the trial court erred in relying on unauthenticated documents. The appellees counter by asserting the Arkansas statute of limitations on judgments governs this case, and the statute is satisfied because the appellees commenced their suit to execute judgment within ten years of the date of judgment. We agree with the appellees that Arkansas law, rather than Missouri law, controls. Accordingly, we affirm the trial court's denial of the motion to quash execution of the judgment.

In February 1991, Kenneth Middleton, brother of Appellant Lynn Carl Middleton, was convicted of the first-degree murder of his wife, Katherine. In addition to the criminal action against Kenneth, a wrongful-death action was filed in Missouri by Katherine's family, the appellees in the instant case. On May 29, 1992, a default judgment was entered against Kenneth in the wrongful-death suit, in the amount of $1,350,000.

Shortly after his conviction, but before the wrongful-death suit had been adjudicated, Kenneth conveyed property he owned in Arkansas to his brother Lynn Carl. In response, the appellees filed suit in Arkansas, alleging that the conveyance of the property to Lynn Carl was fraudulent, and asking for a constructive trust to protect the assets pending the outcome of the civil suit. The complaint was amended several times, and the third amended complaint was filed on June 12, 1992, shortly after the default judgment had been entered in Missouri. A decree was finally entered in the fraudulent conveyance case on May 25, 1999, when the trial court found for the appellees and ordered that the Middleton property at issue be sold at execution sale, a decision affirmed by this court on April 26, 2001. *See Middleton v. Lockhart,* 344 Ark. 572, 43 S.W.3d 113 (2001) (*Middleton I*).

On November 20, 2002, the appellees filed a motion for an amended order of sale in the Newton County Circuit Court. Five days later, on November 25, Kenneth Middleton filed a motion to stay execution of the judgment. He based his motion on Section 516.350 of the Missouri Annotated Statutes, which provides that a judgment is presumed paid and satisfied after ten years from the date of the judgment, except that a payment will toll the statute and it will begin running again from the date of payment. The appellees filed a response to Kenneth's motion on December 2, 2002, in which they claimed a payment in the sum of $10,000 had been made toward the judgment on September 28, 1995, when property in Missouri that had been owned by Kenneth and Katherine was sold. In support of their motion, the appellees attached exhibits that appear to be documents printed from the website of the court administrator in Missouri who is responsible for overseeing the wrongful-death judgment, and a copy of the court administrator's deed from the sale of the Missouri property.

On December 3, 2002, the trial court denied Kenneth's motion in an order that was not entered until December 11, 2002. No appeal was filed by Kenneth from that order. Meanwhile, on December 10, the Middletons filed a motion to quash execution of judgment, reasserting the allegations made by Kenneth in his motion, and further asserting that the documents used by the appellees to prove the 1995 payment were not authenticated in accordance with Ark. R. Civ. P. 44 (2003). For these reasons, the Middletons' motion also asked the trial court to reconsider its denial of Kenneth's motion. On January 6, 2003, the trial court entered its order denying the Middletons' motion to quash execution, without further explanation as to why it was being denied. On February 4, 2003, the Middletons timely filed a notice of appeal from the January 6 order.[1]

In their only point on appeal, the Middletons contend the trial court erred in relying on unauthenticated documents to prove the 1995 payment and, without that payment, the ten-year statute

---

[1] The appellees argue for dismissal of this appeal, on the grounds that the February 4, 2003 notice of appeal was untimely to appeal the trial court's December 11, 2002 order denying Kenneth's motion. However, the Middletons are not appealing the December 11 order. Instead, they are appealing the trial court's January 6, 2003 denial of their motion to quash execution.

of limitations set out in Mo. Ann. Stat. § 516.350 deems the judgment satisfied.

Missouri Annotated Statutes § 516.350 states in pertinent part:

> 1. Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, ... or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from ... the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

Mo. Ann. Stat. 516.350.1 (2001). In response, the appellees argue that the Arkansas statute of limitations on judgments, codified at Ark. Code Ann. § 16-56-114 (1987), rather than Mo. Ann. Stat. § 516.350, governs execution of the judgment in this case.

The issue before us is whether to apply Missouri law or Arkansas law in regard to the statute of limitations on enforcement of judgments. Statutes of limitations are generally considered to be procedural in nature. *Gomez v. ITT Educ. Svcs., Inc.*, 348 Ark. 69, 71 S.W.3d 542 (2002). Furthermore, the general rule is that a true statute of limitations, one that will be considered procedural in nature, extinguishes only the right to *enforce the remedy* and not the substantive right itself. *Id.* In both Arkansas and Missouri, when the statute of limitations is procedural in nature, the law of the forum state governs. *See, e.g., Gomez v. ITT Educ. Svcs., Inc., supra; Foley v. Foley*, 641 S.W.2d 138 (Mo. App. W.D. 1982) (citing *Northwestern Brewers Supply Co. v. Vorhees*, 356 Mo. 699, 203 S.W.2d 422, 423 (1947) "the plea based on a statute limiting an action on a foreign judgment is one to the remedy, and it is the general rule that the law of the forum will govern rather than that of the place where the judgment was rendered").

The Middletons argue that Mo. Ann. Stat. § 516.350 is substantive in nature, as defined in *Gomez, supra*. However, when applying the *Gomez* rubric to the facts of this case, we see that the

"substantive right" was the right of Katherine Middleton's family to commence their wrongful-death lawsuit in Missouri. Their "remedy" is the judgment they received in that lawsuit. Clearly, Mo. Ann. Stat. § 516.350 works to extinguish the right to "enforce the remedy," i.e., the right to enforce the wrongful-death judgment, and does not extinguish the right to bring the wrongful-death suit itself. Thus, it is clear that Mo. Ann. Stat. § 516.350 is procedural in nature. Accordingly, we hold that the law of Arkansas, as the forum state, governs this case.

The Arkansas statute of limitations on execution of judgments, Ark. Code Ann. § 16-56-114 reads,

> Actions on all judgments and decrees shall be commenced within ten (10) years after cause of action shall accrue, and not afterward.

Ark. Code Ann. § 16-56-114 (1987).

██ The cause of action accrues on the date of entry of the judgment. *Malone v. Malone*, 338 Ark. 20, 991 S.W.2d 546 (1999). In the case at bar, the cause of action accrued when the Missouri court entered the default judgment of $1,350,000 on May 29, 1992. The appellees' first two complaints would not have been timely under § 16-56-114, because they were filed and dismissed prior to the entry of the default judgment. *See Middleton I, supra*. However, the third amended complaint, filed on June 12, 1992, was filed shortly after the default judgment was entered, thus commencing the suit for execution within the ten-year limitations period. We do not know whether the trial court applied the Arkansas statute of limitations below, because the trial court did not give its reason for denying the Middletons' motion. However, this court will affirm a trial court when it reaches the right result for the wrong reason. *Malone v. Malone, supra*. Therefore, we hold the trial court was correct in denying the Middletons' motion to quash execution of the Missouri judgment.

Affirmed.

ARNOLD, C.J., not participating.