Jan Dawson SWINT *v.* STATE of Arkansas

CR 03-379                                     152 S.W.3d 226

Supreme Court of Arkansas
Opinion delivered March 4, 2004

*Richard Grasby*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brent P. Gasper*, Ass't Att'y Gen., for appellee.

Jim Hannah, Justice. Jan Dawson Swint appeals her conviction and sentence of five years in prison and $1000 dollar fine for fourth-offense DWI. Swint argues that her conviction of fourth-offense DWI was in error because a district court DWI conviction that is on appeal to the circuit court may not serve as one of the four DWI offenses under Ark. Code Ann. § 5-65-111(b)(3)(A) (Supp. 2003). She notes that an appeal from a conviction in district court is tried *de novo* in the circuit court. Thus, she argues that because she appealed the district court conviction, it is not yet an offense as defined under Ark. Code Ann. § 5-65-111. She also argues that the trial court abused its discretion in admitting prior non-DWI felony convictions into evidence at sentencing. We do not find merit in either claim. A conviction in district court is a valid judgment until a superior court overturns it. Therefore, until overturned, a district court DWI conviction serves as an offense under Ark. Code Ann. § 5-65-111. With respect to prior felony convictions, Swint offers no convincing argument or authority for her position that the convictions were not admissible and that she was prejudiced by their admission. We have jurisdiction of this case pursuant to Ark. Sup. Ct. R. 1-2(b)(1) (2003).

*Facts*

Deputy Neil Parliament spotted Swint driving erratically at about 2:35 a.m. in Garland County on May 15, 2002. Parliament pulled Swint over and arrested her for DWI based on his observations and her failure of a field sobriety test. Swint registered .15% on the breathalyzer. She was charged with fourth-offense DWI and tried on December 4, 2002. Evidence was introduced at trial that Swint had three prior DWI offenses and that she had prior felony drug convictions. The jury convicted Swint of fourth-offense DWI. She was sentenced to five years in prison and a $1000 fine. One of the DWI offenses admitted was a conviction from Cabot District Court that was then on appeal to the Lonoke Circuit Court.

*District Court DWI Conviction*

Swint states that the question posed in this case is "whether there is a conviction in Cabot District Court." Swint asserts that the judgment of DWI in the Cabot District Court may not be counted as one of four DWI convictions in support of enhanced penalties for multiple offense DWI under Ark. Code Ann. § 5-65-111 (2003) because it is not a final conviction. In support of this argument, Swint notes that an appeal to circuit court is tried *de novo* as if there had been no trial in the district court.

Swint argues first that to hold that a conviction from district court suffices to stand as a conviction under Ark. Code Ann. § 5-65-111 would "greatly impair" the right to a jury trial. We note at the outset that the right to a jury trial is inviolate. Arkansas Code Annotated Section 16-17-703 provides the right to jury trial on appeal to the circuit court and states:

> There shall be no jury trials in district court. In order that the right of trial by jury remains inviolate, all appeals from judgment in district court shall be de novo to circuit court.

Ark. Code Ann. § 16-17-703 (Supp. 2003). The right to a jury trial where a criminal action is tried in the district court is preserved by the right to appeal to the circuit court where the matter may be tried *de novo* with a jury. We discussed this in *State v. Roberts*, 321 Ark. 31, 900 S. W. 2d 175 (1995) where we stated:

> The General Assembly granted jurisdiction of misdemeanors to municipal courts in Ark. Code Ann. § 16-17-704 (Repl. 1994). As

to the issue of jury trials in municipal courts, Ark. Code Ann. § 16-17-703 (Repl. 1994) states:

> There shall be no jury trials in municipal court. In order that the right of trial by jury remains inviolate, all appeals from judgment in municipal court shall be de novo to circuit court.

> There is thus no entitlement to a jury trial in a municipal court, but the right remains inviolate when an appeal is pursued to a circuit court where the case is tried *de novo. See Edwards v. City of Conway,* 300 Ark. 135, 777 S.W.2d 583 (1989). When a conviction is appealed from a municipal court to a circuit court, the case is tried de novo, and the appellant is entitled to a trial by jury. *See Weaver v. State,* 296 Ark. 152, 752 S.W.2d 750 (1988); *Johnston v. City of Pine Bluff,* 258 Ark. 346, 525 S.W.2d 76 (1975). The purpose of the trial de novo is to conduct a trial as though there had been no trial in the lower court. *Bussey v. State,* 315 Ark. 292, 867 S.W.2d 433 (1993).

*Roberts,* 321 Ark. at 34-5. *See also Webb v. State,* 323 Ark. 80, 913 S.W.2d 259 (1996). Thus, where a criminal defendant is tried in district court, he or she may appeal to the circuit court and obtain a jury trial in that forum. We also note that where a criminal defendant is charged in a district court, he or she may demand a jury trial and have the case transferred to circuit court where a jury will be provided. *See, e.g., Davis v. State,* 291 Ark. 191, 723 S.W.2d 366 (1987). Swint's right to a jury trial was not impaired by her trial in district court. We further note that Swint waived her right to a jury trial in her appeal of the district court judgment.

Swint next argues that her conviction in district court may not constitute an offense to support her conviction for fourth-offense DWI under Ark. Code Ann. § 5-65-111(b)(3)(A) (Supp. 2003) because it is to be tried *de novo* in circuit court. A conviction in district court is appealed to the circuit court where it is tried *de novo* as though there had been no trial in the district court. *Bussey v. State,* 315 Ark. 292, 867 S.W.2d 433 (1993).

However, even though the matter is tried *de novo* in circuit court the appeal by trial *de novo* does not affect the validity of the judgment of the district court until the district court judgment is overturned. As Swint admits in her brief, the procedure in circuit court is an appeal even though the matter is tried *de novo.*

Arkansas Code Annotated Section 16-19-1105 (Repl. 1999) refers to the judgment of a justice of the peace court being tried on appeal to the circuit court. Section 16-19-1105 provides that a case

appealed from the justice of the peace court is tried anew on its merits in circuit court. This court has stated that Ark. Code Ann. § 16-19-1105 applies to municipal courts as well. *Bussey, supra.* Under Amendment 80, municipal courts are now district courts.

██ The judgment of the inferior court remains valid on appeal to the circuit court. *See Sosebee v. County Line Sch. Dist.*, 320 Ark. 412, 897 S.W.2d 556 (1995); *Burgess v. Poole*, 45 Ark. 373 (1885); *Wilson v. C & M Used Cars*, 46 Ark. App. 281, 878 S.W.2d 427 (1994). Section 16-19-1105 dates from Act 135 of 1873. This court in *Burgess, supra*, stated of a judgment of the justice of the peace court that "[w]hether dismissed or not, the judgment of the justice stands until it is set aside by a superior court. The grant of appeal did not impair it." *Burgess*, 45 Ark. at. 375. In *Burgess*, this court also noted that the record did not show what became of a first appeal, and noted that whether the appeal was dismissed by motion or for want of prosecution, the effect was the same. The judgment of the justice of the peace was left in "full force." *Burgess*, 45 Ark. at. 375, (citing *Ashley v. Brazil*, 1 Ark. 144 (1838)). *See also Brenard Mfg. Co. v. Pate*, 178 Ark. 163, 10 S.W.2d 489 (1928) and *Sample v. Manning*, 168 Ark. 122, 269 S.W. 55 (1925) which cited *Burgess* for the proposition that a judgment of an inferior court stands until set aside by a superior court. Thus, the judgment of the district court stands until overturned by a superior court and was a valid DWI offense to be used under Ark. Code Ann. § 5-65-111(b)(3).

### Non-DWI Prior Felony Convictions

Swint also argues that the trial court abused its discretion in allowing the admission of evidence of prior felony convictions for attempt to produce methamphetamine and possession of drug paraphernalia with intent to manufacture. Evidence of the felonies was admitted in the penalty phase of the trial. Swint was cross-examined by the State regarding these offenses.

██ Swint was sentenced to five years in prison and a fine of $1000. For a fourth-offense DWI, the law permitted a sentence of one to six years in prison. Ark. Code Ann. § 5-65-111 (Supp. 2003). Arkansas Code Annotated § 5-65-113 (Repl. 1997) provides for a fine of $900 to $5000 for a third or subsequent DWI offense within three years. Thus, Swint's sentence was not in excess of that allowed by the statutory provisions. A defendant

who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence itself. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002).

■ Swint argues, however, that she suffered prejudice because the only basis the jury used to decide on a sentence of five years was the prior felony convictions. Swint asserts that the facts of this case, that the jury was only in the deliberation room for fifteen minutes, that Swint only registered .15 on the breathalyzer, and that there was no evidence that Swint was uncooperative or caused an accident, is proof that the jury based its sentencing decision on the drug felonies. Swint provides no cite to authority for her position on admissibility of the drug convictions. Convincing argument is not provided. Where an appellant fails to provide a convincing argument or authority, the issue will not be considered on appeal unless it is apparent without further research that it is well taken. *Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2003). The conviction and sentence were within the statutory limitations and are affirmed.