## Lori A. MOSBY *v.* OFFICE of PROFESSIONAL CONDUCT
### (of the Arkansas Supreme Court Committee on
### Professional Conduct)

04-241                                                              156 S.W.3d 253

### Supreme Court of Arkansas
### Opinion delivered March 25, 2004

*Lori A Mosby, pro se.*

No response.

PER CURIAM. On October 27, 2003, the Arkansas Supreme Court Committee on Professional Conduct, Panel B, reprimanded Lori A. Mosby for unprofessional conduct, assessed a fine of $2,500, ordered her to pay costs of $50, and ordered her to attend two additional "ethics" hours of continuing legal education, in addition to the one ethics hour required during each reporting period for attorneys in Arkansas. The findings and order of the committee were filed with the supreme court clerk on January 31, 2003.

Section 12(C) of the Procedures Regulating Professional Conduct (2003) provides that notice and perfection of an appeal shall be in accordance with the Rules of Appellate Procedure—Civil and Rules of the Arkansas Supreme Court governing appeals in civil matters. If no appeal is perfected within the time allowed and in the manner provided, the action of the panel shall be final and binding on all parties. *Id.*

Ms. Mosby filed a timely notice of appeal under Ark. R. App. P.—Civ. 4(a) on November 26, 2003, making the deadline for filing the record ninety days later, on February 24, 2004. Ms.

Mosby tendered the record to the supreme court clerk on February 27, 2004. Ark. R. App. P.—Civ. 5(a) of the Rules of Appellate Procedure requires that a record must be tendered within ninety days of the date of the notice of appeal, unless a motion to extend the time has been granted. *See Mitchell v. Mountain View*, 304 Ark. 585, 803 S.W.2d 556 (1991). No such motion was requested.

■ Now before us is appellant's motion for rule on the clerk, seeking to lodge the record belatedly. In support of her motion, Ms. Mosby asserts that the late tender of the record was the fault of the court reporter in failing to provide the transcript in time for her to file it timely. It is the duty of counsel, not the judge, the clerk, or court reporter to perfect an appeal. *Davis v. Williamson*, 353 Ark. 225, 114 S.W.3d 216 (2003).

■ It was clearly the duty of Ms. Mosby to tender the record to this court in a timely manner, but she failed to do so. Accordingly, the motion for rule on clerk must be denied. The action of Panel B of the Arkansas Supreme Court Committee on Professional Conduct is final.