Jim WRIGHT and Connie Wright *v.* CITY of LITTLE ROCK
and Little Rock Board of Adjustment

05-683 233 S.W.3d 644

Supreme Court of Arkansas
Opinion delivered April 13, 2006

*Ables, Howe, & Standridge, P.L.L.C.,* by: *Lisa Jones-Ables,* for appellants.

*Office of the City Attorney, City of Little Rock,* by: *E. Shane Springs,* for appellees.

JIM HANNAH, Chief Justice. Jim and Connie Wright appeal a decision of the Pulaski County Circuit Court dismissing their case with prejudice. This appeal was certified to this court by the court of appeals because it concerns an issue of first impression. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1–2(b)(1).

*Facts*

The Wrights live at 14 Maywood Drive in Little Rock, and Jim Wright operates a welding business at that location. In 2002, the City of Little Rock received a complaint that, in violation of zoning ordinances, a business was being run at 14 Maywood Drive. On March 18, 2002, the City of Little Rock Department of Neighborhoods & Planning issued a courtesy notice to the Wrights to cease use of their property for business purposes.

In response, the Wrights submitted documents to the City of Little Rock Department of Planning and Development seeking to have a nonconforming–use status declared because they were continuing to conduct a business in a location where a business had previously been run.[1] The Wrights' request was denied. The zoning enforcement staff of the Department of Planning and Development concluded that the Wrights failed to show that a business was continuously run from that location.

The Wrights then appealed the decision of the zoning enforcement staff to the City of Little Rock Department of Planning and Development's Board of Adjustment. The Board held a hearing at which evidence was received concerning the prior business. Evidence was also received to show that there was no business activity at 14 Maywood Drive for at least twelve months before Jim Wright started his business, and that the business he started occupied more property than that used by the prior business. The Board denied the Wrights' appeal by a letter dated May 6, 2002.

The Wrights filed the record of the proceedings before the Board in the circuit court on May 22, 2002, as allowed under Ark. Code Ann. § 14-56-425 (Repl. 1998), and well within the thirty days allowed for such an appeal under Ark. Dist. Ct. R. 9. That appeal was assigned to the First Division of the Pulaski County Circuit Court and given the case number CV 2002-005512.

---

[1] The Wrights alleged that an auto repair shop had been run from this same location.

However, the appeal was dismissed without prejudice by the circuit court on April 25, 2003, for a lack of service in accordance with Ark. R. Civ. P. 4(i) and (g).

On May 27, 2003, the Wrights filed a complaint for declaratory judgment stating that, "[t]his matter involves a timely appeal of a zoning ruling by Defendants' finding that Plaintiffs' property . . . is not recognized as a 'nonconforming' use." Although this was an apparent attempt to reinstate the previously dismissed appeal, it was assigned to the Second Division of the Pulaski County Circuit Court and given the new designation of case number CV 2003-5910. However, the case was subsequently transferred back to the First Division of Pulaski County Circuit Court. The transfer order noted that while the case bore a new case number, it was "the same case that was originally filed as Civil Case Number 2002-5512 on May 22, 2002."

The City answered, denying that there was a timely appeal. The matter was then stayed until November 8, 2004, because counsel for the City was on active duty in the United States military. On November 19, 2004, the City filed a motion to dismiss under Ark. R. Civ. P. 12(b)(1) and (h)(3). The City argued that if the matter was an appeal from the decision of the Board, the Wrights had failed to perfect their appeal pursuant to Ark. Code Ann. § 14-56-425, and Ark. Dist. Ct. R. 8 and 9 and, if it was a declaratory judgment action, there was no jurisdiction because the exclusive remedy for review of a decision of the Board is by appeal pursuant to Ark. Code Ann. § 14-56-425. The City argued that while the Wrights did timely file the certified record of the Board's proceedings with the circuit court, the case was dismissed, and the Wrights failed to refile within twelve months, arguing that the savings statute (Ark. Code Ann. § 16-56-126 (1987)) did not apply.

The motion to dismiss was granted on March 9, 2005, based on a finding that there was a lack of subject-matter jurisdiction because the Wrights failed to comply with Ark. Dist. Ct. R. 9 and because the savings statute did not apply.

The Wrights filed a notice of appeal. They argue here that the trial court erred in granting the motion to dismiss the administrative appeal and refusing to apply the savings statute.

### Notice of the Appeal

"As long as the record of the inferior court proceeding was filed with the circuit clerk within 30 days of the entry of the

judgment, the appeal is perfected." *McBride v. State*, 297 Ark. 410, 412, 62 S.W.2d 785, 786 (1989).[2] *See also* Ark. Dist. Ct. R. 9. Perfected means that all legal steps have been taken which are necessary to complete the action undertaken. *See Black's Law Dictionary* 1173 (8th ed. 2004). Rule 9 is silent on how the circuit court is to schedule briefing and hearings on the appeal. Under the current rules, the procedural method used in the circuit court to hear the appeal is left to the circuit court's discretion.

Our rules fail to provide adequate procedure on appeals to the circuit court. It is apparent that the inadequate procedural rules in this case led to the confusion resulting in the circuit court's mistakenly dismissing an appeal for failure to perfect service when the appeal was already perfected by appellants' timely filing of the record. Once perfected, it was up to the circuit court to set a briefing schedule or order hearings as required.

██ We refer the question of what further procedure should be provided to the Arkansas Supreme Court Committee on Civil Practice.

 This court held in *Weiss v. Johnson*, 331 Ark. 409, 961 S.W2d 28 (1998), that service of process under Ark. R. Civ. P. 4 was required for an appeal from an administrative decision. At the time *Weiss* was decided, Ark. Inferior Ct. R. 9(b) applied[3] and was silent on notice. However, by amendment, this court specifically added to paragraph (b) that no notice of appeal is required.[4] Once the record is timely filed, the appeal is perfected. To the extent that *Weiss* is inconsistent with this opinion, it is overruled.[5] We also note that Rule 4 applies to service of the summons and

---

[2] If no appeal is perfected within the time allowed and in the manner provided, the action of the Board is final and binding on all parties. *See, e.g., Mosby v. Office of Prof'l Conduct*, 356 Ark. 500, 156 S.W.3d 253 (2004).

[3] "The Arkansas Inferior Court Rules were revised and renamed the Arkansas District Court Rules, effective January 1, 2005, to comply with Amendment 80 of the Arkansas Constitution." *Camp v. State*, 364 Ark. 459, 463, 221 S.W.3d 365, 367 (2006).

[4] *See In Re: Arkansas Rules of Civil Procedure; Rules of Appellate Procedure – Civil; Rules of the Supreme Court and Court of Appeals; and Inferior Court Rules*, 355 Ark. Appx. 725 (2004).

[5] The dissent states that, "[i]n sum, the bottom line is that, despite the circuit court's dismissal 'without prejudice,' the Wrights should have appealed the erroneous dismissal of their appeal." Even though that decision was in error, the parties had a right to rely on that decision. *King v. Carney*, 341 Ark. 955, 20 S.W.3d 341 (2000). If there was an aggrieved party that should have appealed that first dismissal without prejudice, it was the City, who would

complaint. There is no summons or complaint to be served in this case. When the record was timely filed, the appeal was ripe for adjudication.

### Complaint for Declaratory Judgment

Once the matter was dismissed without prejudice, the Wrights were left to decide how to reinstate their appeal. The rules are silent on how an appellant should proceed in this regard.

■ The Wrights filed a complaint for declaratory judgment seeking to appeal the decision of the Board. A declaratory-judgment action seeks to avoid uncertainty and insecurity with respect to rights, status, and other legal relations. *Wilmans v. Sears, Roebuck and Co.*, 355 Ark. 668, 144 S.W.3d 245 (2004). However the pleading was captioned, it sought to continue the appeal of the decision of the Board. Pleadings are to be liberally construed so as to do substantial justice. Ark. R. Civ. P. 8(f). They should be construed to give effect to the substance of the pleading rather than the form. *Cornett v. Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987). The relief sought was the appeal of the decision of the Board, and that was clear from the pleading.

Since filing the record of the hearing before the Board with the circuit court, the Wrights have consistently sought to appeal that decision. We note that this case should not be confused with one where a party obtains a judgment, abandons an appeal from that judgment, and then attempts to have the matter adjudicated anew as if no judgment existed. This is prohibited because a judgment, or in this case the decision of the Little Rock Board of Adjustment, stands until it is set aside by a superior tribunal. *See Swint v. State*, 356 Ark. 361, 152 S.W.3d 226 (2004); *Watson v. White*, 217 Ark. 853, 233 S.W.2d 544 (1950); *Fowlkes v. Central Supply Co.*, 187 Ark. 201, 58 S.W.2d 922 (1933); *Burgess v. Poole*, 45 Ark. 373 (1885). *See also Wilson v. C & M Used Cars*, 46 Ark. App. 281, 878 S.W.2d 427 (1994). In this case, the Wrights are not attempting to have the Board decide the issue anew, but rather, they are simply trying to reinstate their appeal that was dismissed in error.

---

obviously have preferred a dismissal with prejudice so that the matter was brought completely to an end. The City did not appeal. To hold that the Wrights had to appeal an order of dismissal without prejudice, which was at the least a voidable order, creates a new trap for the bar for no discernible purpose.

Once the Wrights timely filed the record in the circuit court, their appeal was perfected. Arkansas Rule of Civil Procedure 4 concerns service of a summons and complaint and does not apply. This matter is reversed and remanded for reinstatement of the appeal.

GLAZE and IMBER, JJ., dissent.

ANNABELLE CLINTON IMBER, Justice, dissenting. The majority opinion fashions a new and novel mechanism for challenging the erroneous dismissal without prejudice of an appeal properly lodged in the circuit court pursuant to Ark. Dist. Ct. R. 9. Henceforth, the aggrieved party need not appeal the entry of an erroneous order of dismissal; rather, the reinstatement of the appeal may be accomplished by filing a complaint for declaratory judgment. I must respectfully disagree.

This appeal began when the Little Rock Board of Adjustment ("The Board") denied the Wrights' appeal from a decision by the city's zoning enforcement staff. The Wrights properly appealed the Board's decision by filing the record of the proceedings before the Board in the circuit court; but, the court erroneously dismissed their appeal — *"without prejudice"* — for lack of service in accordance with Ark. R. Civ. P. 4 (i) and (g). Arkansas Code Annotated § 14-56-425 states

> In addition to any remedy provided by law, appeals from final action taken by the administrative and quasi-judicial agencies concerned in the administration of this subchapter may be taken to the circuit court of the appropriate county where they shall be tried de novo *according to the same procedure which applies to appeals in civil actions from decisions of inferior courts*, including the right of trial by jury.

Ark. Code Ann. § 14-56-425 (Repl. 1998) (emphasis added).[1] Notably, the statutory language providing for the action in question specifically provides that appeals from an administrative agency are to be brought according to the same procedure as appeals from decisions of inferior courts. We have consistently held that appeals from

---

[1] By a per curiam order dated December 9, 2004, the Inferior Court Rules have been renamed the "District Court Rules." *See In Re: Adoption of Administrative Order Number 18 and Amendment of District Court Rules (Formerly Known as Inferior Court Rules)*, 360 Ark. Appx. 601 (2004).

decisions of inferior courts are *not* subject to dismissal without prejudice and that such a dismissal operates as a dismissal of the appeal with prejudice. *Watson v. White*, 217 Ark. 853, 233 S.W.2d 544 (1950); *Fowlkes v. Central Supply Co.*, 187 Ark. 201, 58 S.W.2d 922 (1933); *Wilson v. C&M Used Cars*, 46 Ark. App. 281, 878 S.W.2d 427 (1994).[2] In other words, the dismissal of a case appealed from an inferior court "simply [does] away with the appeal and [leaves] the municipal court judgment valid and enforceable." *Wilson v. C&M Used Cars*, 46 Ark. App. at 286, 878 S.W.2d at 430. Because the plain language of Ark. Code Ann. § 14-56-425 put the Wrights on notice that the inferior court rules applied, they were also put on notice of this court's case law holding that the circuit court's dismissal order would operate as a dismissal of the appeal with prejudice. In sum, the bottom line is that, despite the circuit court's dismissal "without prejudice," the Wrights should have appealed the erroneous dismissal of their appeal.[3]

The Wrights argue that, pursuant to our decision in *Sosebee v. County Line Sch. Dist.*, 320 Ark. 412, 897 S.W.2d 556 (1995), a dismissal without prejudice is appropriate in appeals of administrative decisions. At issue in *Sosebee* was an appeal under the Teacher Fair Dismissal Act, Ark. Code Ann. § 6-17-1501, *et seq.* (Repl. 1993), which provided for an appeal to circuit court from a school board's decision to dismiss a nonprobationary teacher. *Id.* In resolving the issue of whether Ark. R. Civ. P. 41(a) applied to such appeals, this court noted that Rule 81(a) states:

> Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a

---

[2] Though *Watson* and *Fowlkes* were decided before the Arkansas Rules of Civil Procedure were adopted, those cases were cited with approval in *Sosebee v. County Line Sch. Dist.*, 320 Ark. 412, 897 S.W.2d 556 (1995), with the court noting that the statutory right of a claimant to dismiss an action without prejudice is now found in Rule 41. Likewise, the *Sosebee* court agreed with the decision by the Arkansas Court of Appeals in *Wilson v. C&M Used Cars*, 46 Ark.App. 281, 878 S.W.2d 427 (1994). In that case, the court of appeals held that Rule 41 "which applies to original actions in circuit court, does not apply to an appeal from municipal court, so as to vest circuit court with the authority to dismiss the cause of action without prejudice." *Wilson v. C&M Used Cars*, 46 Ark. App. at 286, 878 S.W.2d at 429.

[3] The majority's reliance on our decision in *King v. Carney*, 341 Ark. 955, 20 S.W.3d 341 (2000), is misplaced. While the plaintiff in *King v. Carney, supra*, had the right to rely on the court's *valid* order until such a time as the order was reconsidered, the Wrights could not reasonably rely on an order that the circuit court never had the authority to enter.

right, remedy or proceeding specifically provides a different proce-
dure in which event the procedure so specified shall apply.

Ark. R. Civ. P. 81(a) (2005). Our court then stated

> The Rules thus apply to a proceeding unless a statute, which creates
> a right, specifically provides for different procedure. Ms. Sosebee
> argues the right in question in this case is the right to sue for a breach
> of contract which is rooted in common law even though her
> contract was created pursuant to the Teacher Fair Dismissal Act.
> She also argues the Rules apply because, even if the Act were held
> to create a right, it does not specifically provide a procedure
> "different" from the nonsuit without prejudice procedure found in
> Rule 41(a).

*Sosebee v. County Line Sch. Dist.*, 320 Ark. 412, 897 S.W.2d 556
(1995). We concluded that, in the absence of a different procedure
being prescribed in the statute, the action by Ms. Sosebee was subject
to the Arkansas Rules of Civil Procedure, specifically Rule 41(a).

The Arkansas Rules of Civil Procedure were similarly ap-
plied to an administrative appeal in *Weiss v. Johnson*, 331 Ark. 409,
961 S.W.2d 28 (1998). In *Weiss*, the appellee's driving license was
suspended by the Office of Driver Services of the Revenue
Division of the Department of Finance & Administration (DF&A).
*Id.* The appellee filed a *de novo* "petition for review" of the
agency's decision in circuit court, pursuant to Ark. Code Ann.
§ 5-65-104 (Repl. 1997), which allowed a person whose license
had been suspended to "file a petition for review within thirty (30)
days in the circuit court in the county in which the offense took
place." Ark. Code Ann. § 5-65-104(c) (Repl. 1997). DF&A failed
to appear at the hearing, and the trial court entered a judgment in
favor of the appellee. DF&A moved to set aside the judgment,
alleging that it was not served with the petition, in compliance
with Ark. R. Civ. P. 4, but the trial court denied that request,
finding that the rule was not applicable. *Id.*

This court disagreed. Specifically, we noted that, according
to Ark. R. Civ. P. 81(a), the rules of civil procedure "shall apply to
all civil proceedings cognizable in the circuit courts of this state
except in those instances where a statute which creates a right,
remedy or proceeding specifically provides a different procedure
in which event the procedure so specified shall apply." Ark. R.
Civ. P. 81(a) (2005). Thus, the statute in question in *Weiss* was a

"special proceeding" because the right to administrative review was statutorily created. However, as the statute in question did not specifically provide for a different procedure, the Arkansas Rules of Civil Procedure applied.

The instant case can be readily distinguished from the circumstances at issue in *Sosebee* and *Weiss*. In *Sosebee*, the Teacher Fair Dismissal Act did not prescribe a specific procedure for appealing the school board's decision. That statute stated:

> The exclusive remedy for any nonprobationary teacher aggrieved by the decision made by the board shall be an appeal therefrom to the circuit court of the county in which the school district is located, within seventy-five (75) days of the date of written notice of the action of the board. Additional testimony and evidence may be introduced on appeal to show facts and circumstances showing that the termination or nonrenewal was lawful or unlawful.

Ark. Code Ann. § 6-17-1510(d) (Repl. 1993). Similarly, in *Weiss*, the statute in question provided for a remedy in the form of filing a petition for review, but did not designate specific procedures by which such remedy was to be executed. *Weiss v. Johnson, supra.* In this case, however, there is a specific procedure set forth for appealing the Board's decision — Ark. Code Ann. § 14-56-425. Moreover, the majority mistakenly overrules *Weiss v. Johnson, supra,* because as explained above, the *Weiss* case involved an appeal that was perfected by the filing of a "petition for review," and not by the filing of a record pursuant to the inferior court rules.

In essence, in this case, where the procedure for the appeal is the same procedure as that used in an appeal of an inferior court's decision to circuit court, which is not subject to dismissal without prejudice under Rule 41(a), so too the dismissal without prejudice in this case actually operated as a dismissal with prejudice and the savings statute, Ark. Code Ann. § 16-56-126, cannot apply. In the instant case, the circuit court held that the savings statute did not apply because the Wrights failed to complete timely service. While the court erred in its reasoning, the court's judgment should be affirmed as reaching the right result for the wrong reason. *Fryar v. Touchstone Physical Therapy, Inc.,* 365 Ark. 295, 229 S.W.3d 7 (2006); *Middleton v. Lockhart,* 355 Ark. 434, 139 S.W.3d 500 (2003). The original appellate proceeding was effectively dismissed with prejudice on April 27, 2003, and the Wrights failed to timely

appeal that dismissal order. Consequently, in dismissing the instant case with prejudice, the circuit court reached the right result for the wrong reason.

For the above-stated reasons, I respectfully dissent.

GLAZE, J., joins this dissent.