Cite as 2025 Ark. App. 187

# ARKANSAS COURT OF APPEALS

DIVISIONS I & II
No. CV-23-491

|  |  |  |
|---|---|---|
| SHARMON RESTER | | Opinion Delivered April 2, 2025 |
| | APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CV-17-176] |
| V. | | |
| CITY OF EL DORADO | | HONORABLE SPENCER G. SINGLETON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED IN PART; REVERSED IN PART |

**N. MARK KLAPPENBACH, Chief Judge**

Sharmon Rester appeals from the Union County Circuit Court's order in favor of the City of El Dorado.  Rester argues that the circuit court erred in awarding judgment to the City on its claim, erred in dismissing his counterclaim, and erred in denying him a jury trial.  We reverse the decision on the City's claim and affirm the decision on Rester's counterclaim.

In June 2017, the City filed a complaint against Rester alleging that he owed the City $9684 for the demolition and removal of structures located at three addresses in the City as well as for an asbestos inspection.  The City attached a copy of an invoice it had sent Rester and alleged that he was given the opportunity to enter into a "pay-out agreement" with the City but had refused to do so.  Rester filed an answer denying the allegations and requesting

a jury trial. Rester also filed a counterclaim for an offset alleging that the City had destroyed four houses he owned that were valued in excess of $100,000. The City answered, denying that the houses had any marketable value whatsoever.

The City moved for summary judgment. In opposition, Rester argued, in part, that the statute the City relied on did not authorize imposing its costs as a civil debt against the property owner and did not apply to the demolition of houses. The court granted summary judgment to the City only as to the fourth property in Rester's counterclaim. The remainder of the motion for summary judgment was denied. The City later filed an amended complaint reaffirming its original complaint and alleging that it has the "full right and power to raze condemned buildings to the ground and recover the costs of same against the owner" pursuant to statutory authority and its police power. The City filed a second motion for summary judgment and an amended answer to Rester's counterclaim alleging in both that Rester did not appeal the condemnation decisions of the city council within thirty days pursuant to Arkansas Code Annotated section 14-56-425 (Supp. 2023) and Arkansas District Court Rule 9(f); accordingly, he had failed to exhaust administrative remedies and his counterclaim was moot.

A final hearing was held at which Rester and City Inspector Kirby Craig were the only witnesses. Resolutions passed by the city council condemning Rester's properties as dilapidated, obnoxious, and unsafe houses and ordering their removal were admitted into evidence. Rester testified that he was aware of the resolutions within thirty days of their

2

passage. After the hearing, the circuit court entered a final judgment awarding damages to the City on its complaint and dismissing Rester's counterclaim.

Rester first challenges the circuit court's determination that a civil action was an appropriate procedure for the City to recover its costs of demolishing Rester's properties. The circuit court rejected Rester's argument that a lien was the only method of recovery and instead found that Arkansas Code Annotated section 14-54-903(b) (Supp. 2023) authorized the City to seek recovery of its costs through a civil action. Section 14-54-903(b) provides as follows:

> If the owner or lienholder of any lot or other real property within an incorporated town or city neglects or refuses to remove, abate, or eliminate any condition under an ordinance passed by the city or town as provided in § 14-54-901, after having been given seven (7) days' notice in writing to do so, then the town or city may do whatever is necessary to correct the condition and to charge the cost thereof to the owner of the lots or other real property.

Section 14-54-901 (Repl. 1998) empowers cities to order the owner of lots

> to cut weeds; to remove garbage, rubbish, and other unsightly and unsanitary articles and things upon the property; and to eliminate, fill up, or remove stagnant pools of water or any other unsanitary thing, place, or condition which might become a breeding place for mosquitoes, flies, and germs harmful to the health of the community, after the town or city has provided therefor by an ordinance to that effect.

Ark. Code Ann. § 14-54-901.

Rester argues, and we agree, that none of the conditions in section 14-54-901 were at issue here. The issue here, as demonstrated by the city council resolutions, was the removal of dilapidated, obnoxious, and unsafe houses. The removal or razing of dilapidated,

3

obnoxious, and unsafe houses is specifically provided for in section 14-56-203 (Supp. 2023).[1] The removal or razing of such houses is not included in section 14-54-901, which instead governs conditions such as weeds, garbage, and stagnant pools of water. Because section 14-54-903 specifically refers only to the conditions "as provided in § 14-54-901," section 14-54-903 does not apply here. Accordingly, the circuit court erred in finding that this statute provided a basis for the City's civil action, and we reverse the judgment of $9684 awarded to the City.

Rester next challenges the dismissal of his counterclaim seeking judgment for the value of his properties. He argues that there was insufficient evidence that his properties were a nuisance and were properly ordered to be razed. The circuit court found that Rester was aware of the resolutions passed in accordance with section 14-56-203, and he did not appeal the decisions as provided in Arkansas Code Annotated section 14-56-425 (Supp. 2023). We agree with the circuit court that Rester failed to appeal the resolutions; accordingly, the circuit court did not have subject-matter jurisdiction to hear Rester's claims.

In *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003), Ingram filed suit in circuit court two years after the city council passed a resolution to raze his property. The supreme court held that District Court Rule 9, regarding appeals to circuit court, applies to city-council and planning-commission resolutions via Arkansas Code Annotated section 14-

---

[1]Recovery of the cost of removal is addressed in Arkansas Code Annotated section 14-54-904(b) (Supp. 2023), which provides that when a City removes a house pursuant to section 14-56-203, a lien is granted and given against the real property for the cost of the removal.

56-425. It is well settled that the filing requirements of Rule 9 are mandatory and jurisdictional, and failure to comply prevents the circuit court from acquiring subject-matter jurisdiction. *Ingram, supra.* Because Ingram did not bring his claims in circuit court until well beyond the thirty-day requirement in Rule 9, the circuit court lacked subject-matter jurisdiction over his claims challenging the razing of his property without compensation. Rester, likewise, did not appeal from the City's resolutions within thirty days. Thus, we affirm the dismissal of his counterclaim.

In his final argument on appeal, Rester argues that the circuit court erred in denying him a jury trial after he demanded a jury trial in his answer and never withdrew his demand. However, because we reverse the judgment entered on the City's complaint and hold that the circuit court had no jurisdiction to decide Rester's counterclaim, it is unnecessary to address this argument.

Affirmed in part; reversed in part.

HARRISON, BARRETT, and HIXSON, JJ., agree.

VIRDEN and MURPHY, JJ., dissent.

**BART F. VIRDEN, Judge, dissenting**. I respectfully dissent and would affirm the circuit court's decision to award $9,684 in costs for remedying the dangerous conditions on Rester's property.

In the final order, the court found that the City's decision to pursue costs for demolishing the condemned properties through a civil suit was appropriate, as was the City's request for $9,684 in costs. The circuit court determined that the City was within its rights

5

to forgo the lien procedure and recover costs through a civil suit, finding that although Ark. Code Ann. § 14-54-903 (Supp. 2023) provides a process for recovering costs of correcting unsafe or unsanitary conditions (as described in Ark. Code Ann. § 14-54-901 (Repl. 1998)), nothing in the statute provides that a clean-up lien is the only way that a municipality can recover the costs for correcting the conditions. Indeed, subsection b provides that "the town or city may do whatever is necessary to correct the condition and to charge the cost thereof to the owner of the lots or other real property."

The circuit court denied Rester's counterclaim for $65,000 in damages for razing his buildings, finding that Ark. Code Ann. § 14-56-203 (Supp. 2023) authorizes cities to raze or remove buildings or houses "that the city council determines have become 'dilapidated, unsightly, unsafe, unsanitary, obnoxious, or detrimental to the public welfare' through a city ordinance." The court found that Rester acknowledged that such ordinances were passed regarding the three properties at issue, and he did not appeal the passage of the ordinances as provided for in Ark. Code Ann. § 14-56-425 (Supp. 2023). Moreover, the circuit court found that Rester "failed to show that the City violated its inherent police power under which it may, without compensation to the owner, destroy private property determined to be a nuisance."

Though the circuit court erred in basing its award of damages on Ark. Code Ann. §§ 14-54-901 and -903, the court reached the right result, if for the wrong reasons, and its award of damages to the City was proper. *See Wright v. City of Little Rock*, 366 Ark. 96, 233 S.W.3d 644 (2006).

The circuit court analyzed Rester's counterclaim under Ark. Code Ann. § 14-56-203, which provides that

[c]ities of the first class, cities of the second class, and incorporated towns may order the removal or razing of, or remove or raze, buildings or houses that in the opinion of the city council or town council have become dilapidated, unsightly, unsafe, unsanitary, obnoxious, or detrimental to the public welfare and shall provide by ordinance the manner of removing and making these removals.

Additionally, the court found that the City has inherent police power to destroy private property determined to be a nuisance without compensation to the owner.

While it is clear that section 14-54-903 was erroneously applied here, the court acknowledged that the City had both statutory and inherent police power to raze the dangerous and unsafe structures Rester refused to remedy. No lien statute applies in this case, and essentially, Rester failed to comply with the City's ordinance, then reaped the benefit of the City's action to remedy the unsafe conditions without cost to him. Accordingly, I dissent from the majority opinion.

MURPHY, J., joins.

*The Law Office of Geoffrey D. Kearney, PLLC*, by: *Geoffrey D. Kearney*, for appellant.

*Robert N. Rushing*, City Attorney for El Dorado, Arkansas.